89 F.3d 827
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James Peter DARBY, Plaintiff-Appellant,
v.
Sheriff, CABARRUS COUNTY, North Carolina, in his official
capacity and as an individual; Cabarrus County;
unknown unnamed, in their official
capacities and as individuals,
Defendants-Appellees.
James Peter DARBY, Plaintiff-Appellant,
v.
Sheriff, CABARRUS COUNTY, North Carolina, in his official
capacity and as an individual; Cabarrus County;
unknown unnamed, in their official
capacities and as individuals,
Defendants-Appellees.
 Nos. 96-6055, 96-6508.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 21, 1996.
Decided June 18, 1996.
 
 James Peter Darby, Appellant Pro Se.
 Grady Michael Barnhill, WOMBLE, CARLYLE, SANDRIDGE & RICE, Charlotte, North Carolina, for Appellees.
 Before HALL, ERVIN, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 On January 11, 1996, James Darby filed an appeal in case number 96-6055 from a district court order denying relief on his complaint filed under 42 U.S.C. § 1983 (1988). Because the district court entered its order on December 11, 1996, the thirty-day appeal period established by Fed. R.App. P. 4(a)(1) expired on January 10, 1996. Hence, Darby's appeal was filed one day late. The district court denied Darby's motion for an extension of the appeal period pursuant to Fed. R.App. P. 4(a)(5), and Darby appeals from the order denying that motion in appeal number 96-6508.
 
 
 2
 The time periods established by Fed. R.App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960). Moreover, in denying Darby's request for an extension of time, the district court properly determined that the provisions of the Federal Rules of Civil Procedure relating to extensions of time for service of documents, such as Rule 6(e) and Rule 5(b), have no applicability to the computation of time for filing under Appellate Rule 4. The court also properly found that Darby's reliance on the postal processes to timely deliver the notice of appeal, even if reasonable, constituted insufficient grounds to establish "excusable neglect" under Appellate Rule 4(a)(5). See Thompson v. E.I. Dupont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir.1996).
 
 
 3
 Accordingly, the district court's order in case number 96-6508 denying the motion for an extension of time is affirmed. Because we lack jurisdiction to hear the merits of Darby's underlying appeal, we grant the Appellee's motion to dismiss the appeal in case number 96-6055. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.