**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 01-1836**

———————————

FRANKLIN C. REAVES,

Plaintiff - Appellant,

versus

CITY OF MULLINS; J. C. RICHARDSON, Individ-
ually and in his official capacity as City of
Mullins Administrator; RODNEY JOHNSON, ind-
ividually and in his official capacity as City
of Mullins Planner; JIMMY AFFORD, JR., indi-
vidually and in his official capacity as Chief
of Police of City of Mullins; JOE COX;
individually and in his official capacity as
City of Mullins Judge; MARION COUNTY; EDWIN P.
ROGERS, individually and in his capacity as
Marion County Administrator; DANNY GERALD,
individually and in his capacity as employee
of Marion County; DANNY GARDNER, individually
and in his capacity as an employee of Marion
County; DENNIS FLOYD, individually and in his
capacity as an employee of Marion County; JOHN
W. ROBERTS, individually and as an employee of
the City of Mullins; BOYD JOHNSON, individ-
ually and as an employee of the City of
Mullins; GENE LEWIS, individually and as an
employee of the City of Mullins; WALTER
GODBOLD, individually and as employee of the
City of Mullins; HENRY JACKSON, individually
and as employee of the City of Mullins,

Defendants - Appellees.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Margaret B. Seymour, District Judge. (CA-00-528-24-4-BF)

Submitted:  October 18, 2001          Decided:  October 25, 2001

Before MOTZ and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Franklin C. Reaves, Appellant Pro Se.  Douglas Charles Baxter, RICHARDSON, PLOWDEN, CARPENTER & ROBINSON, Myrtle Beach, South Carolina; Robert Thomas King, WILLCOX, BUYCK & WILLIAMS, P.A., Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Franklin C. Reaves appeals the district court's order dismissing his § 1983 action alleging various constitutional violations in the condemnation and demolition of two houses by the City of Mullins, South Carolina. We dismiss the appeal for lack of jurisdiction because Reeves' notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on May 16, 2001. However, Reeves' notice of appeal was not filed with the district court until June 18, 2001. Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequate-

---

[*] To the extent Reeves mailed his notice of appeal to the district court for filing on June 15, 2001, because he is not incarcerated, he does not benefit from Houston v. Lack, 487 U.S. 266, 270-71 (1988). See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).

3

ly presented in the materials before the court and argument would not aid the decisional process.

DISMISSED