**Wilma J. THOMPSON, Plaintiff–Appellant,**

v.

**E.I. DuPONT de NEMOURS & CO., INCORPORATED, Defendant–Appellee.**

**Wilma J. THOMPSON, Plaintiff–Appellant,**

v.

**E.I. DuPONT de NEMOURS & CO., INCORPORATED, Defendant–Appellee.**

**Nos. 94–1847, 94–2173.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1995.

Decided Feb. 7, 1996.

**ARGUED:** Sa'ad El–Amin, El–Amin & Crawford, P.C., Richmond, Virginia, for Appellant. Patricia Kyle Epps, Hunton & Williams, Richmond, Virginia, for Appellee. **ON BRIEF:** Beverly D. Crawford, El–Amin & Crawford, P.C., Richmond, Virginia, for Appellant. Paige H. Goodpasture, Hunton & Williams, Richmond, Virginia, for Appellee.

Before MURNAGHAN, LUTTIG, and WILLIAMS, Circuit Judges.

No. 94–2173 affirmed and No. 94–1847 dismissed by published opinion. Judge LUTTIG wrote the opinion, in which Judge MURNAGHAN and Judge WILLIAMS joined.

## OPINION

LUTTIG, Circuit Judge:

Appellant, Wilma J. Thompson, filed suit against appellee, E.I. DuPont de Nemours & Co. ("DuPont"), under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5, and the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. The district court granted summary judgment in favor of DuPont on May 25, 1994. Thompson filed her notice of appeal on Monday, June 27, three days after the expiration of the thirty-day time limit set forth in Federal Rule of Appellate Procedure 4(a)(1). Thompson then filed

a timely motion for enlargement of time to file a notice of appeal, asserting that she mailed the notice of appeal on Tuesday, June 21, three days before the June 24 deadline, but that the postal service took six days to deliver the letter within the City of Richmond.[1] The district court denied the motion for enlargement of time because Thompson failed to show "excusable neglect," and Thompson filed a timely notice of appeal from that denial. Because the district court clearly did not abuse its discretion in denying Thompson's motion for enlargement of time, we affirm that judgment and dismiss Thompson's appeal.

### I.

▉▉ Notice of appeal in a civil suit "must" be filed within thirty days of the entry of the judgment. Fed.R.App.P. 4(a)(1). This limitation is " 'mandatory and jurisdictional.' " *Shah v. Hutto,* 722 F.2d 1167, 1167 (4th Cir.1983) (*en banc* ) (quoting *Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 264, 98 S.Ct. 556, 560–61, 54 L.Ed.2d 521 (1978)), *cert. denied,* 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984). However, pursuant to Federal Rule of Appellate Procedure 4(a)(5), a district court may extend the time for filing a notice of appeal in certain limited circumstances.[2]

▉ While the language of Rule 4(a)(5) could reasonably be interpreted to allow an extension of time upon a showing of either "good cause" or "excusable neglect" throughout the entire sixty-day time period,[3] the advisory committee notes to the rule make clear that the "good cause" standard, which

was added to the rule in 1979, is only applicable to motions for extension of time filed within the initial thirty-day period following the entry of judgment:

> The proposed amended rule expands to some extent the standard for the grant of an extension of time. The present rule requires a "showing of excusable neglect." While this was an appropriate standard *in cases in which the motion is made after the time for filing the notice of appeal has run, and remains so, it has never fit exactly the situation in which the appellant seeks an extension before the expiration of the initial time. In such a case "good cause," which is the standard that is applied in the granting of other extensions of time under Rule 26(b) seems to be more appropriate.*

*See* Fed.R.App.P. 4(a)(5) advisory committee's notes to 1979 amendment (emphasis added). Based upon this unambiguous directive from the Advisory Committee on the Federal Rules of Appellate Procedure, we now join the overwhelming majority of our sister circuits in holding that the "good cause" standard is only applicable to motions for enlargement of time filed within thirty days of the entry of judgment. *See, e.g., Allied Steel v. City of Abilene,* 909 F.2d 139, 143 n. 3 (5th Cir.1990), *overruled on other grounds by United States v. Clark,* 51 F.3d 42 (5th Cir.1995); *Vogelsang v. Patterson Dental Co.,* 904 F.2d 427, 431 (8th Cir.1990), *overruled on other grounds by Fink v. Union Cent. Life Ins. Co.,* 65 F.3d 722 (8th Cir. 1995); *Borio v. Coastal Marine Constr. Co.,* 881 F.2d 1053, 1055 (11th Cir.1989); *Marsh*

---

**1.** Thompson concedes that the notice of appeal was untimely. A notice of appeal is not considered filed with the district court under Rule 4(a)(1) until it is received by the court; mailing of the notice prior to expiration of the 30 days is insufficient. *See* Fed.R.App.P. 25(a) ("Filing may be accomplished by mail addressed to the clerk, *but filing is not timely unless the clerk receives the papers within the time fixed for filing,* except [for briefs and appendices]." (emphasis added)).

**2.** Merely establishing "excusable neglect" does not entitle one to relief from the filing deadline; even upon a showing of "excusable neglect," whether to grant an enlargement of time still remains committed to the discretion of the district court. *Cf. Pioneer Inv. Serv. Co. v. Bruns-*

*wick Assoc. Ltd. P'ship,* 507 U.S. 380, 398–99, 113 S.Ct. 1489, 1500, 123 L.Ed.2d 74 (1993) (O'Connor, J., dissenting) ("Thus, the court must at the threshold determine its authority to allow untimely action by asking whether the failure to meet the deadline resulted from excusable neglect; *if the answer is yes,* then *the court should consider the equities and decide whether to excuse the error.*" (emphasis added)).

**3.** Rule 4(a)(5) provides in relevant part that, "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)."

*v. Richardson,* 873 F.2d 129, 130 (6th Cir. 1989); *Parke–Chapley Constr. Co. v. Cherrington,* 865 F.2d 907, 909–10 (7th Cir.1989); *650 Park Ave. Corp. v. McRae,* 836 F.2d 764, 766 (2d Cir.1988), *overruled on other grounds by United States v. Hooper,* 9 F.3d 257 (2d Cir.1993); *Consolidated Freightways Corp. v. Larson,* 827 F.2d 916, 918 n. 3 (3d Cir. 1987), *cert. denied,* 484 U.S. 1032, 108 S.Ct. 762, 98 L.Ed.2d 775 (1988); *Oregon v. Champion Int'l Corp.,* 680 F.2d 1300, 1301 (9th Cir.1982). *But see Pontarelli v. Stone,* 930 F.2d 104, 109–10 (1st Cir.1991).

Because Thompson's motion to extend the time for filing a notice of appeal was filed in excess of thirty days after the entry of judgment, the district court's decision to deny an extension must be considered under the more stringent standard of "excusable neglect."

## II.

■ The Supreme Court recently interpreted the phrase "excusable neglect" as used in the procedural rule authorizing a bankruptcy court to accept late filings. *See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). In reliance upon the "ordinary meaning" of the term, the Court defined "neglect" as encompassing "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388, 113 S.Ct. at 1494–95. The Court defined "excusable" as "at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission," including,

> the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at 395, 113 S.Ct. at 1498. Though adopting a "flexible understanding" of the phrase "excusable neglect," the Court specifically observed that it was appropriate to hold a client accountable for the mistakes of counsel, *id.* at 396–97, 113 S.Ct. at 1499 (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)), and that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," *id.* at 392, 113 S.Ct. at 1496.

While in *Pioneer* the Court interpreted the phrase "excusable neglect" as used in a rule of bankruptcy procedure, it is evident that the Court intended its definition of "excusable neglect" to be equally applicable to Federal Rule of Appellate Procedure 4(a)(5), as every appellate court to consider the applicability of *Pioneer* to Rule 4(a)(5) and Rule 4(b) (criminal appeals) has concluded. *See Fink v. Union Cent. Life Ins. Co.,* 65 F.3d 722, 724 (8th Cir.1995) (Fed.R.App.P. 4(a)(5)); *Reynolds v. Wagner,* 55 F.3d 1426, 1429 (9th Cir.) (Fed.R.App.P. 4(a)(5)), *cert. denied,* —— U.S. ——, 116 S.Ct. 339, 133 L.Ed.2d 237 (1995); *Virella–Nieves v. Briggs & Stratton Corp.,* 53 F.3d 451, 454 n. 3 (1st Cir.1995) (Fed. R.App.P. 4(a)(5)); *United States v. Clark,* 51 F.3d 42, 44 (5th Cir.1995) (Fed.R.App.P. 4(b)); *City of Chanute, Kansas v. Williams Nat. Gas Co.,* 31 F.3d 1041, 1046 (10th Cir. 1994) (Fed.R.App.P. 4(a)(5)), *cert. denied,* —— U.S. ——, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995); *Weinstock v. Cleary, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994) (Fed.R.App.P. 4(a)(5)); *United States v. Hooper,* 9 F.3d 257, 259 (2d Cir.1993) (Fed. R.App.P. 4(b)) (noting that "nothing in *Pioneer* limits its interpretation of 'excusable neglect' to the Bankruptcy Rules"). First, the adopted definition represents the "commonly accepted meaning of the phrase." *Pioneer,* 507 U.S. at 391, 113 S.Ct. at 1496. Second, the Court specifically resorted to the Federal Rules of Civil Procedure in formulating this definition. *See id.* at 392 & n. 9 & n. 10, 113 S.Ct. at 1496 & n. 9, 1497 & n. 10. Finally, in the course of recognizing the circuit split over the meaning of the phrase "excusable neglect" as used in Rule 9006(b)(1), the Court noted that the courts of appeals "similarly have divided" over their interpretation of the phrase as used in Rule 4(a)(5), *Pioneer,* 507 U.S. at 387 & n. 3, 113 S.Ct. at 1494 & n. 3—an observation that would have been not only unnecessary, but misleading, if the Court did not intend for

the phrase to have the same meaning in the two contexts.

## III.

"Excusable neglect" is not easily demonstrated, nor was it intended to be. Judge Friendly, a member of the advisory committee which drafted Rule 4(a), observed, for example, that,

> a loose interpretation of "excusable neglect" would convert the 30–day period for appeal provided in [Rule] 4(a) into a 60–day one—a result clearly not intended by the Rule's framers. Hence, "the burden of demonstrating excusability lies with the party seeking the extension and *a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing....*"

*In re O.P.M. Leasing Serv., Inc.,* 769 F.2d 911, 917 (2d Cir.1985) (emphasis added) (quoting 9 J. Moore & B. Ward, Moore's Federal Practice ¶ 204.13[1.–3], at 4–97 to 4–98 (2d ed. 1985) (footnotes omitted)). As the advisory committee notes to Federal Rule of Civil Procedure 73, from which Rule 4(a) is derived, emphasize, a district court should find "excusable neglect" only in the "*extraordinary cases* where injustice would otherwise result." Notes to 1964 Fed.R.Civ.P. 73(a) (emphasis added).[4]

 In this case, the district court most assuredly did not abuse its discretion in concluding that Thompson had failed to demonstrate excusable neglect for her untimely filing. The most important of the factors identified in *Pioneer* for determining whether "neglect" is "excusable" is the reason for the failure to file the notice of appeal within thirty days of the entry of judgment. *See Weinstock,* 16 F.3d at 503; *City of Chanute, Kansas,* 31 F.3d at 1046. Thompson's only explanation for her delay is that the post office took over three days to deliver the letter enclosing her notice of appeal. How-

ever, in contrast to the incarcerated, *pro se* litigant, the unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period. As the Court explained in *Houston v. Lack,* 487 U.S. 266, 270–71, 108 S.Ct. 2379, 2382–83, 101 L.Ed.2d 245 (1988), in holding that a *pro se* prisoner's notice of appeal is considered "filed" when deposited in the prison's mail system:

> [*Pro se*] prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30–day deadline. *Unlike other litigants, pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants *may choose to entrust their appeals to the vagaries of the mail* and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And *if other litigants do choose to use the mail,* they can at least place the notice directly into the hands of the [postal service]; *and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.*

(emphasis added). Simply put, a non-prisoner litigant who entrusts his filing with the postal processes, without taking further steps to ensure that the notice of appeal is timely "filed" with the district court, cannot establish excusable neglect.

---

4. Federal Rule of Appellate Procedure 4(a) was derived from Federal Rule of Civil Procedure 73(a) "without any change of substance." Fed. R.App.P. 4(a) advisory committee's adopting notes (1967). The advisory committee notes to Rule 73(a) specifically explained that:

> In view of the ease with which an appeal may be perfected, *no reason other than failure to*

> *learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed.* But the district court should have authority to permit the notice to be filed out of time in *extraordinary cases where injustice would otherwise result.*

(emphasis added).

Here, after depositing Thompson's notice of appeal in the mail, Thompson's counsel failed to take any steps whatsoever to check on the letter's progress. This, even though Thompson had been put on notice in this very case that three days was insufficient for a letter to reach the court and opposing counsel, when an earlier letter mailed by Thompson's counsel failed to reach the court or opposing counsel within three days. Rather than constituting an exceptional circumstance, the neglect at issue in this case is nothing more than inexcusable run-of-the-mill inattentiveness by counsel.

The district court's judgment in case No. 94–2173 denying the motion for enlargement of time is affirmed. Because we lack jurisdiction to hear the merits of Thompson's underlying appeal, the appeal in case No. 94–1847 is dismissed.

*IT IS SO ORDERED.*