UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARY JANE GROVE,
Plaintiff-Appellant,

v.

No. 98-1907

TRAVELERS INDEMNITY COMPANY OF
ILLINOIS,
Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-97-515-R)

Submitted: December 17, 1998

Decided: January 4, 1999

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Stack, Michael B. Feiler, HIGH, STACK, LAZENBY,
PALAHACH, MAXWELL, & PLATT, Coral Gables, Florida, for
Appellant. Edward H. Starr, Jr., MAYS & VALENTINE, L.L.P.,
Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mary Jane Grove appeals from the district court's order denying her motion for an extension of time to file a notice of appeal in this civil action. Under Fed. R. App. P. 4(a)(5), the district court may extend the time for filing a notice of appeal if the appellant files a motion for such an extension no later than thirty days after the appeal period has expired. A decision whether to extend the appeal period lies within the discretion of the district court and will not be disturbed absent a showing of an abuse of discretion. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). In the district court, Grove's only attempt at showing the "excusable neglect or good cause" required by Rule 4(a)(5) was counsel's contention that the United States Postal Service did not deliver the notice of appeal as he had assumed it would. As we have previously stated, "a non-prisoner litigant who entrusts his filing with the postal processes, without taking further steps to ensure that the notice of appeal is timely `filed' with the district court, cannot establish excusable neglect." Id.

Grove has not shown how the district court's adherence to this holding was an abuse of discretion. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). While the circumstances surrounding the failure of the notice to arrive in the district court might support a court's decision to extend the appeal period, there was no abuse of discretion in reaching the opposite conclusion. In exercising its discretion to reach its decision, the district court did not ignore judicially recognized factors or rely on an erroneous factual findings or legal conclusions. See id. Because the district court did not exceed its discretion in denying Appellant's motion for an extension of time to file a notice of appeal, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED