United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 05-61017

(Summary Calendar)

————————

ARMANDO LUNA,

                                    Petitioner,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL,

                                    Respondent.

Petition for Review from the
Board of Immigration Appeals
A75 900 744

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

    Armando Luna petitions for review of an order of the Board of Immigration Appeals (BIA)

affirming the immigration judge's decision to deport him based on his status as an illegal alien and a

————————

    *    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1987 controlled substance conviction. Luna argues that the doctrine of laches prevents his deportation, but we do not reach Luna's argument because his petition for review was not timely filed.

A notice of appeal from the BIA must be filed 30 days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). Luna's deadline was October 3, 2005; however, we extended the deadline to October 10, 2005, in the wake of Hurricane Katrina. We posted notice for filings to be sent to this Court's temporary Houston address as the New Orleans courthouse had been vacated. Luna erroneously mailed his notice of appeal to New Orleans. While he mailed it on September 29, 2005, eleven days in advance of the new deadline, the notice did not make its way to the clerk's office until November 7, 2005, and was therefore filed late. Due to the unique situation created by Hurricane Katrina, both parties were asked to brief the issue of whether Luna's notice of appeal was timely filed.

Luna's brief does not argue for an extension of time, nor does he ask for equitable tolling of the deadline. Instead, he incorrectly asserts–in one footnote in his Statement of Jurisdiction–that his notice of appeal was timely filed because it was mailed before the filing deadline. This argument has no merit. FED. R. APP. P. 25(a)(2)(A) ("Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing."); *see Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996) ("[T]he unincarcerated litigant who decides to rely on the vagaries of the mail must suffer the consequences if the notice of appeal fails to arrive within the applicable time period.").

Since Luna did not brief, even when asked, an equitable argument for his delay in filing due to Hurricane Katrina, he has waived such considerations. *See Edwards v. Johnson*, 209 F.3d 772,

776 n.1 (5th Cir. 2000) (deeming issue waived when not argued in initial brief); *Justiss Oil Co., Inc. v. Kerr-McGee Refining Corp.*, 75 F.3d. 1057, 1067 (5th Cir. 1996) (waiving issue of not argued in the body of the brief).

Accordingly, Luna's petition for review is DISMISSED for lack of being timely filed.