Carey E. STRONACH, Plaintiff,

v.

VIRGINIA STATE UNIVERSITY,
et al., Defendants.

Civil Action No. 3:07CV646–HEH.

United States District Court,
E.D. Virginia,
Richmond Division.

July 23, 2008.

Richard F. Hawkins, III, The Hawkins Law Firm P.C., Richmond, VA, for Plaintiff.

Sydney Edmund Rab, Teri Craig Miles, Office of the Attorney General, Richmond, VA, for Defendants.

### MEMORANDUM ORDER

HENRY E. HUDSON, District Judge.

**(Denying Defendants' Motion of Extension of Time to File Bill of Costs and Granting Plaintiff's Motion to Strike Defendants' Bill of Costs as Untimely)**

THIS MATTER comes before the Court on Plaintiff's Motion to Strike Defendants' Bill of Costs as Untimely, filed on June 18, 2008, and Defendants' Motion for Extension of Time to File Bill of Costs, filed on June 20, 2008. The Court will dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process at this stage. For the reasons stated herein, the Court hereby DENIES Defendants' Motion for Extension of Time to File Bill of Costs (Dk. No. 73) and GRANTS Plaintiff's Motion to Strike Defendants' Bill of Costs as Untimely (Dk. No. 70).

## I. Background

On May 12, 2008, the Court entered an Order granting Defendants' Motion for Summary Judgment, which was followed by a Memorandum Opinion on May 23, 2008. On June 4, 2008, Defendants' filed a Bill of Costs, seeking reimbursement for $4,176.40 in court reporter fees. On June 18, 2008, Plaintiff filed a Motion to Strike Defendants' Bill of Costs as Untimely, asserting that Defendants' filed their Bill of Costs twelve days after the deadline established by the Local Rules expired. On June 20, 2008, Defendants filed their Motion for Extension of Time to File the Bill of Costs.

## II. Analysis

■ The decision to grant Defendants' Motion falls solely within the discretion of the Court. Fed. R. Civ. Pro. 6(b)(1)(B). Pursuant to Rule 6(b)(1)(B), the Court may, in its discretion, extend the time for a party to act upon a showing of "excusable neglect." *Id.* While "excusable neglect" is an equitable standard, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect.'" *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). A party cannot easily show "excusable neglect," and

the Court should only find "excusable neglect" in "*extraordinary cases* where injustice would otherwise result." *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 534 (1996).

Pursuant to Local Rule 54, "the party entitled to costs shall file a bill of costs ... within eleven (11) days from entry of judgment." Local Rule 54(D). The Court entered judgment in this case on May 12, 2008, when it granted Defendants' Motion for Summary Judgment. Thus, Defendants' deadline to file their Bill of Costs was May 23, 2008.

■ While the Court does not believe Defendants acted in bad faith, they have made no reasonable explanation for their delay in filing their Bill of Costs. First, Defendants explain that they mistakenly calculated the due date of their Bill of Costs from the date the Court issued its Memorandum Opinion—May 23, 2008— rather than the date of judgment—May 12, 2008.[1] Second, Defendants explain that they filed their Bill of Costs late because their counsel is "woefully pitiful when it comes to math" and incorrectly calculated the Defendants' deadline. Neither of these explanations as to why Defendants filed their Bill of Costs twelve days late comes close to satisfying the "excusable neglect" standard. Defendants' failure to file a timely Bill of Costs amounts to nothing more than inexcusable inattentiveness by counsel, and the Court finds no reasonable basis to extend their time to file a Bill of Costs.

## III. Conclusion

For the reasons stated above, the Court hereby DENIES Defendants' Motion for Extension to File Bill of Costs (Dk. No. 73)

---

1. If Defendants' deadline to file their Bill of Costs began to run from the date of the Memorandum Opinion—May 23, 2008—their Bill of Costs would have been due on or before June 3, 2008. Even under this deadline, Defendants' Bill of Costs would still be one day late.

and GRANTS Plaintiff's Motion to Strike Defendants' Bill of Costs as Untimely (Dk. No. 70). The Defendants' Bill of Costs is hereby STRICKEN from the record.

The Clerk is directed to send a copy of this Order to the Government and to all counsel of record.

It is so ORDERED.