**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-2137

JOYCE B. BREDELL,

             Plaintiff - Appellant,

        v.

DIRK KEMPTHORNE, Secretary of Interior; UNITED STATES OF
AMERICA,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (1:07-cv-00718-LMB)

Submitted:  May 29, 2008          Decided:  August 25, 2008

Before TRAXLER and KING, Circuit Judges, and WILKINS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Reuben B. Collins, II, COLLINS & TALLEY, LLC, LaPlata, Maryland,
for Appellant.  Chuck Rosenberg, United States Attorney, Lauren A.
Wetzler, Assistant United States Attorney, Alexandria, Virginia,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joyce B. Bredell appeals the district court's order denying her motion for extension of time to file a second amended complaint and dismissing her civil action with prejudice. On appeal, Bredell maintains that (1) the district court erred in denying her Fed. R. Civ. P. 6(b) motion for extension to time to file a second amended complaint; and (2) the proposed second amended complaint, which she was denied leave to file without prejudice, complied with Fed. R. Civ. P. 11 and did not constitute a frivolous complaint. We affirm.

Under Fed R. Civ. P. 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." This court has noted that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick

<u>Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993). "The most important of the factors identified in <u>Pioneer</u> for determining whether 'neglect' is 'excusable' is the reason for the failure to [timely] file." <u>Thompson</u>, 76 F.3d at 534.

This court reviews the denial of a motion for enlargement of time under Rule 6(b) for an abuse of discretion. <u>United States v. Borromeo</u>, 945 F.2d 750, 754 (4th Cir. 1991); <u>see also</u> <u>Thompson</u>, 76 F.3d at 532 n.2; <u>James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993) (finding that district court abuses its discretion if it fails or refuses to exercise its discretion or relies on erroneous legal or factual premise in the exercise of its discretionary authority). We have reviewed the record, the parties' briefs, and the materials submitted in the joint appendix, and find that the district court did not abuse its discretion in denying Bredell's Rule 6(b) motion.

Bredell also maintains that her second amended complaint was in compliance with Fed. R. Civ. P. 11 and did not constitute a frivolous complaint. We note, however, that the district court did not sanction counsel under Rule 11; rather, the court simply instructed counsel to fully comply with the requirements of Fed. R. Civ. P. 11 before filing any further complaints in this civil action. The district court's admonitions were appropriate and Bredell raises no viable issue for appeal in this regard. To the extent Bredell argues the district court erred in its earlier order

in denying without prejudice her motion to file a second amended complaint, we find the district court did not abuse its discretion in light of the errors evident in the proposed complaint. <u>See Szaller v. American Nat'l Red Cross</u>, 293 F.3d 148, 152 n.2 (4th Cir. 2002) (reviewing district court's decision to deny leave to file amended complaint for abuse of discretion).

Accordingly, we affirm for the reasons stated by the district court. <u>Bredell v. Kempthorne</u>, No. 1:07-cv-00718-LMB (E.D. Va. Oct. 3, 2007). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>