**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-7558**

———————————

WILLARD WARREN,

Petitioner – Appellant,

v.

REUBEN YOUNG, Secretary, Division of Adult Correction;
CLIFFORD JOHNSON, Administrator, Craggy Correctional
Institution,

Respondents - Appellees.

———————————

**No. 12-6084**

———————————

WILLARD WARREN,

Petitioner – Appellant,

v.

REUBEN YOUNG, Secretary, Division of Adult Correction;
CLIFFORD JOHNSON, Administrator, Craggy Correctional
Institution,

Respondents - Appellees.

———————————

Appeals from the United States District Court for the Western
District of North Carolina, at Asheville. Martin K. Reidinger,
District Judge. (1:10-cv-00247-MR-DLH)

———————————

Submitted: March 15, 2012          Decided: March 19, 2012

———————————

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

Sarah Jessica Farber, NORTH CAROLINA PRISONER LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellant. Clarence Joe DelForge, III, Mary Carla Hollis, Assistant Attorneys General, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Willard Warren seeks to appeal the district court's orders denying his 28 U.S.C. § 2254 (2006) petition and denying an extension of time to file a notice of appeal. We affirm in part and dismiss in part.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

Here, the district court's order denying habeas relief was entered on the docket on October 11, 2011. The notice of appeal was filed on November 21, 2011. Warren moved to extend the appeal period based on his attorneys' miscommunication in failing to properly track the appeal period, as well as their case load and commitments during that period. We conclude that the district court did not abuse its discretion in finding such unexceptional and "run-of-the-mill inattentiveness by counsel" insufficient to justify an enlargement of time. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534-35 (4th Cir. 1996). Accordingly, we affirm the district court's order denying an extension of the appeal period.

3

Because Warren failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we grant the Appellees' motion to dismiss and dismiss the appeal of the district court's order denying habeas relief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART