**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-1298**

_____

VICTOR FERNANDES,

              Plaintiff – Appellant,

       v.

PAUL CRAINE,

              Defendant – Appellee,

       and

MONTGOMERY COUNTY, MD; DALE ANONSEN; JASON HUGGINS,

              Defendants.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Stephanie A. Gallagher, Magistrate
Judge.  (8:10-cv-00752-SAG)

_____

Submitted:  July 15, 2013          Decided:  August 20, 2013

_____

Before KING, AGEE, and THACKER, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Michael P. Coyle, CHAIFETZ & COYLE, Columbia, Maryland, for
Appellant.  Marc P. Hansen, County Attorney, Charles L.
Frederick, Associate County Attorney, Edward B. Lattner, Chief,
Division of Human Resources & Appeals, COUNTY ATTORNEY'S OFFICE
FOR THE COUNTY OF MONTGOMERY, Rockville, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Fernandes, having obtained a favorable jury verdict in this 42 U.S.C. § 1983 civil rights action against police officer Paul Craine, challenges the district court's denial of his request for an extension of time to file a motion for attorney's fees. See Fernandes v. Craine, No. 8:10-cv-00752 (D. Md. Feb. 27, 2013), ECF No. 78 (the "Opinion").[1] As explained below, we vacate and remand.

On December 7, 2012, at the conclusion of a trial in the District of Maryland, the jury returned a verdict in favor of Fernandes on his § 1983 excessive force claim, awarding $12,700 in compensatory damages. Because he was the prevailing party, Fernandes was entitled to seek attorney's fees.[2] The applicable local rule required Fernandes to file any fee motion within fourteen days of the entry of judgment, which occurred on December 10, 2012. See D. Md. R. 109.2. The parties agree that, accounting for the intervening Christmas holiday, the deadline for submission of such a motion was December 26, 2012.

---

[1] By agreement of the parties, the trial was conducted by a United States magistrate judge. See 28 U.S.C. § 636(c)(1).

[2] See 42 U.S.C. § 1988(b), which provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision of [§ 1983] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee."

3

Fernandes's lawyer did not learn of the judgment until December 27, 2012 — one day too late — because the Notice of Electronic Filing ("NEF") heralding the judgment had been diverted to his email system's "junk mail" folder.[3] On that date, Fernandes moved for a one-day extension of the deadline, simultaneously filing his fee request and a memorandum in support thereof. In his extension motion, Fernandes urged the district court to find that his neglect in filing a timely fee motion could be excused under the federal rules.

The district court denied Fernandes's motions, explaining that the lawyer's failure to meet the filing deadline amounted to nothing more than "run of the mill inattentiveness." Opinion 10. More specifically, the court observed that Fernandes's lawyer, an "experienced litigator," should have known that the federal courts generally enter a judgment contemporaneously with, or shortly following, the return of a verdict. Id. Therefore, according to the court, the lawyer should have monitored the status of the case by way of the court's electronic docket or by contacting his opposing counsel.

---

[3] On appeal, Craine suggests that the record does not support the lawyer's explanation concerning misdelivery of the NEF. In the proceedings below, however, "Craine [did] not argue, and [the district court did] not find, that counsel for Mr. Fernandes acted in bad faith." Opinion 9.

We review the denial of a motion to extend a filing deadline for abuse of discretion. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996). "An error of law by a district court is by definition an abuse of discretion." Hunter v. Earthgrains Co. Bakery, 281 F.3d 144, 150 (4th Cir. 2002).

A party seeking an extension after missing a filing deadline must demonstrate that failure to act within the specified time was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is "excusable" has been described by the Supreme Court as "at bottom an equitable [inquiry], taking account of all relevant circumstances," including the following: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

We have stressed that the third Pioneer factor — the reason for the delay — is the "most important." Thompson, 76 F.3d at 534.[4] The sole reason for Fernandes's tardy submission was the

---

[4] It is apparent that the second Pioneer factor (length and impact of delay) and the fourth Pioneer factor (good faith) tend to favor Fernandes. As for the first Pioneer factor
(Continued)

5

email malfunction described above. In Robinson v. Wix Filtration Corp., LLC, we considered the responsibilities of counsel under arguably similar circumstances. See 599 F.3d 403 (4th Cir. 2010). Because of various computer problems, Robinson's lawyer failed to receive electronic notice of the defendant's motion for summary judgment prior to its award. On appeal, we ruled that the district court did not abuse its discretion in denying Robinson's motion to vacate the summary judgment. As we emphasized, however, the critical consideration was that the lawyer was aware of his computer troubles and made the "strategic decision" to remain "willfully blind to whether the opposing side had filed a dispositive motion." Id. at 409. Importantly, we declined to impose a "general duty to monitor dockets," limiting our ruling to the straightforward conclusion that "counsel cannot make the calculated choice to take no action with respect to his electronic inaccessibility . . . and then avail himself of discretionary relief from the consequences of that choice." Id. at 410-11.

In contrast to Robinson, there is nothing in this record suggesting that Fernandes's lawyer was aware of any computer

_____

(prejudice), Craine does not appear to have shown that his ability to respond to the fee motion was compromised by Fernandes's one-day delay.

6

problems, that he was willfully blind to the status of the electronic docket, or that he made a strategic choice to remain ignorant of the district court's judgment. Absent such a circumstance, requiring Fernandes's lawyer to "stay apprised of the status of his case" by manually checking the docket would engender a general duty to monitor — the very obligation Robinson rejected. See Opinion 10. Thus, on the most important Pioneer factor, the court contravened our precedent, committing a legal error that, by definition, constitutes an abuse of discretion.

Pursuant to the foregoing, we vacate the district court's decision and remand for such other and further proceedings as may be appropriate.[5] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials submitted and argument would not aid the decisional process.

VACATED AND REMANDED

---

[5] Fernandes makes two other contentions on appeal: (1) that Craine's subsequent motion for judgment notwithstanding the verdict reset the time for filing a fee motion, and (2) that the district court abused its discretion in declining to suspend the local rules on a showing of good cause. In light of our disposition of this appeal, we need not reach or assess either of those theories.

7