**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-2081**

_____

WILLIAM SCOTT DAVIS, JR., as next best friend to his
daughter J.F.D., a minor; J.F.D., a minor,

Plaintiffs - Appellants,

v.

CHARLOTTE MITCHEL, individually and as Guardian Ad Litem of
J.F.D., appointed by the Court; WENDY KIRWAN, individually
and as Supervisor Wake County N.C. Guardian Ad Litem
Program; NAOMIE LIVINGSTON, Individually and as Director
Wake County NC Guardian Ad Litem Program and all staff
individually and in their official capacities as program
managers, superiors and Advocate Attorneys for the Wake
County NC 10th Judicial District Guardian Ad Litem Program;
JANE VOLLAND, Individually, and as Director of the State of
North Carolina Ad Litem; BEVERLY PERDUE, individually and as
Governor of the State of North Carolina; NANCY BERSON,
individually and as Child and Family for UNC School of
Medicine Program on Childhood Trauma and Maltreatment;
ANTHONY HAL MORRIS, Individually and in their official
capacities as Advocate Attorneys for the Wake County
N.C.Guardian Ad Litem Program; RICHARD CROUTHARMEL,
Individually and in their official capacities as Advocate
Attorneys for the Wake County N.C. Guardian Ad Litem
Program; SUSAN VICK, Individually and in their official
capacities as Advocate Attorneys for the Wake County N.C.
Guardian Ad Litem Program; REGINALD O'ROURKE, Individually
and in their official capacities as Advocate Attorneys for
the Wake County N.C. Guardian Ad Litem Program; MELLONNEE
KENNEDY, Individually and in their official capacities as
Advocate Attorneys for the Wake County N.C. Guardian Ad
Litem Program; CARRIE FLATT, Individually and in their
official capacities, as Program Supervisors for the Wake
County, N.C. Guardian Ad Litem Program; FONDA LYONS-COUSAR;
MARGARET HERTZLER, individually and in their official
capacities, as Program Supervisors for the Wake County, N.C.
Guardian Ad Litem Program; CHERYL HANES, Individually and in

their official capacities, as Program Supervisors for the Wake County, N.C. Guardian Ad Litem Program,

                    Defendants - Appellees.

                    ───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Fox, Senior District Judge.  (5:12-cv-00493-F)

                    ───────────────

Submitted:  January 27, 2014          Decided:  February 5, 2014

                    ───────────────

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

                    ───────────────

Affirmed by unpublished per curiam opinion.

                    ───────────────

William Scott Davis, Jr., Appellant Pro Se.

                    ───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Scott Davis, Jr., appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) (2012), denying his motion for extension of time to file objections to the magistrate judge's recommendation, denying his remaining motions as moot, and ordering him to show cause why a pre-filing injunction should not be issued against him.[*] The district court referred the case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied and advised Davis that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon it.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Davis

_____

[*] Although the pre-filing injunction determination remains pending in the district court, it appears that the district court is "finished" with this case based on its dismissal of Davis' claims. See Go Computer, Inc. v. Microsoft Corp., 508 F.3d 170, 176 (4th Cir. 2007). We therefore conclude that the district court's order dismissing Davis' complaint as frivolous is final and appealable.

did not file objections within the prescribed fourteen-day period.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). On appeal, he challenges the district court's denial of his motion for extension of time to file objections.

We review the denial of a motion to extend a filing deadline for abuse of discretion.  See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996).  A party seeking an extension after missing a filing deadline must demonstrate that failure to act within the specified time was the result of "excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B). We conclude that the district court did not abuse its discretion in holding that Davis did not establish excusable neglect for his failure to timely file objections to the magistrate judge's memorandum and recommendation.

Davis therefore has waived appellate review by failing to timely file objections after receiving proper notice. Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED