**PUERTO RICO ELECTRIC POWER AUTHORITY, Plaintiff(s),**

v.

**VITOL, INC.; Vitol, S.A., Defendant(s).**

Civil No. 09–2242 (DRD).

United States District Court,
D. Puerto Rico.

Feb. 12, 2014.

Elisa A. Fumero–Perez, P.R. Electric Power Authority, Eduardo J. Corretjer–Reyes, Pamela D. Gonzalez–Robinson, Roberto Corretjer Piquer Law Office, Enrique Velez–Rodriguez, San Juan, PR, for Plaintiff.

Andres W. Lopez, Andres W. Lopez Law Office, Eduardo A. Zayas–Marxuach, Francisco G. Bruno–Rovira, McConnell Valdes, San Juan, PR, Neal S. Manne, Weston L. O'Black, Susman Godfrey L.L.P., Houston, TX, for Defendants.

**AMENDED ORDER NUNC PRO TUNC**

DANIEL R. DOMÍNGUEZ, District Judge.

Pending before the Court is plaintiff Puerto Rico Electric Power Authority's *Motion to Alter or Amend or Reconsider Order Denying as Untimely Dockets #261, 262, and 263* filed under Docket No. 265. For the reasons set forth below, the plaintiff's motion is granted.

### Issue

The issue before the Court is the applicability of Rule 6(d) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") to a document that has been electronically filed.

### Procedural Background

The record shows that, on September 18, 2013, defendants filed two motions, to wit: (a) *Defendants' Motion for the Court to Conduct a Bench Trial Should the Court Determine that a Trial is Necessary*, Docket No.

258, and (b) *Defendants' Consolidated Motion in Limine Should the Court Determine that a Trial is Necessary*, Docket No. 259.

On October 7, 2013, plaintiff filed three motions, to wit: (a) *Plaintiff's Opposition to Defendants' Motion for the Court to Conduct a Bench Trial*, Docket No. 261; (b) plaintiff's *Motion for Leave to Exceed Page–Limit for Opposition to Defendants' Motion in Limine*, Docket No. 262; and, (C) plaintiff's *Opposition to Defendants' Motion in Limine*, Docket No. 263.

On October 8, 2013, the Court entered the following *Order* denying plaintiff's filings under Docket entries No. 261, 262 and 263:

PREPA's Memorandum filed under Docket No. 261, Motion filed under Docket No. 262, and Memorandum filed under Docket No. 263, are denied as untimely filed. The record shows that Vitol's Motions filed under Docket entries No. 258 and 259 were filed on September 18, 2013. Hence, pursuant to Local Rule 7(b), PREPA had 14 days, that is, October 2, 2013, to file a written objection. The record shows that PREPA's objections were filed on October 7, 2013. Moreover, the record further shows that PREPA failed to request an extension of time to file the tardy objections. IT IS SO ORDERED.

On October 8, 2013, plaintiff moved for reconsideration of the *Order* of October 8, 2013, Docket No. 265, based on the provisions of Fed.R.Civ.P. 5(b)(2)(E) and 6(d). The Court disagrees with PREPA's analysis and briefly explains.

### Applicable Law and Analysis

Fed.R.Civ.P. 5(b)(2) provides in its relevant part:

(b)(2) Service in General. A paper is served under this rule by:

. . .

(B) a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(C) because there are numerous defendants;

(C) a discovery paper required to be served on a party, unless the court orders otherwise;

(D) leaving it with the court clerk if the person has no known address;

(E) **sending it by electronic means if the person consented in writing— in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served;** or

(F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery. (Emphasis ours).

Fed.R.Civ.P. 6(a)(1) and (d) provides in its relevant part:

(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.

(1) Period stated in Days or a Longer Unit. When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

. . .

(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

In view of the apparent confusion created by the recent amendments to Rules 5 and 6 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), the Court refers to the treatise of *Federal Practice and Procedure*,

Wright, Miller, Kane, Marcus and Steinman, 2013 Edition, for enlightening on this point.

Recent amendments to Rule 6 have eliminated a problem that had plagued the application of former Rule 6(e). Should the additional three days be treated as a distinct period, which is separately calculated either before or after calculating the deadline under the original period? Or should 3 days simply be added to the original period, with the new total treated as a single period for purposes of computation? ... This uncertainty was clarified by the 2005 amendment to Rule 6(e), which provided that the three days should be added after the original period otherwise would have expired. Moreover, the 2009 amendment to Rule 6 adopted a "count every day" approach, which does not skip intermediate Saturdays, Sundays and legal holidays."

Vol. 4B, *Federal Practice and Procedure*, § 1171. *But see 2005 Amendments:*

Rule 6(e) is amended to remove any doubt as to the method for extending the time to respond after service by mail, leaving with the clerk of court, electronic means, or other means consented to by the party served. Three days are added after the prescribed period otherwise expires under Rule 6(a).

Vol. 12A, *Federal Practice and Procedure*, App. C., page 145.

Not cited by PREPA is Rule 5(e) of the Local Rules for the District of Puerto Rico which provides:

Parties receiving service by electronic means are entitled to three (3) additional days to respond pursuant to Fed.R.Civ.P. 6(d).

■ The Court is cognizant of the Advisory Committee Notes, particularly the notes relating to the 2005 Amendments, and our Local Rule 5(e). **However, the fact is that the language of the current Fed.R.Civ.P. 6(d) [former Rule 6(e) ] remains unaltered, that is, that the applicability of the extension of the three additional days is restricted, limited and/or conditioned to the provisions of Fed.R.Civ.P. 5(b)(2)(C),(D), (E), or (F).** It is pellucid that Congress decided to leave the original language of

Rule 6(d) relating to the extension of the three additional days intact, as opposed to amending the language of Rule 6(d) to eliminate the applicable restrictions under Rule 5(b)(2)(C), (D), (E), or (F). Hence, the Court understands that the granting of the extension of the three additional days is still a matter that falls within the discretionary powers of the court. " 'Merely establishing these elements [excusable neglect] does not entitle a party to relief,' however, as the decision " 'whether to grant an enlargement of time still remains committed to the discretion of the district court.'" *Smith v. EVB and Archie C. Berkeley, Jr.,* 2010 WL 4723768, at *3 (E.D.Va. November 15, 2010), quoting *Thompson v. E.I. DuPont de Nemours & Co.,* 76 F.3d 530, 532 (4th Cir.1996).

In *Baker v. County of Missaukee,* 2013 WL 5786899, at *9, n. 3 (W.D.Mich. October 28, 2013), the Court held:

Rule 6(d) states: "When a party must act within a specified time after service and service is made under Rule 5(b)(2)(C) ... 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R.Civ.P. 6(d); *see Webb v. Green Tree Servicing, LLC,* No. ELH11–2105, 2013 WL 5442423, at *16 (D.Md. Sept. 30, 2013).

In *Jackson Hewitt Inc. v. National Tax Network, LLC, et al.,* 2012 WL 1495441, at *6 (D.N.J. April 27, 2012), the Court explained the application of Rule 6(d):

A review of the motion day calendar reveals that Ward's Reply was due on April 11, 2011. Factoring in the additional three days allowed under Federal Rules of Civil Procedure 6(d) **(which provides for three additional days when service is effectuated pursuant to Federal Rule of Civil Procedure 5(b)(2)(C), i.e. by mail)**, the due date for Ward's Reply was April 14, 2011. Based on the documents as scanned, the Reply was mailed on April 12, 2011 and received in the Clerk's office on April 15, 2011. Accordingly, Ward's Reply was *not* timely—even with the additional three days allowed under Rule 6(d). (Emphasis ours).

Furthermore, the Court is cognizant of the exceptions of Rule 6(d), such as, its nonapplicability to orders of the court, or to extend statutory and jurisdictional periods, amongst others.

■ In the instant case, on Wednesday, September 18, 2013, defendants filed two motions, to wit, *Defendants' Motion for the Court to Conduct a Bench Trial Should the Court Determine that a Trial is Necessary*, and *Defendants' Consolidated Motion in Limine Should the Court Determine that a Trial is Necessary*, Docket entries No. 258, 259. The record shows that the motions filed by the defendants on September 18, 2013, were electronically filed. According to the provisions of Local Rule 7(b), plaintiff had fourteen days to reply, that is, Wednesday, October 2, 2013. **According to the provisions of Fed.R.Civ.P. 6(d), the three additional [mailing] days apply only when service of the motion is made by mail, or when the serving party learns that the electronic transmission did not reach the party to be served, as provided by Fed. R.Civ.P. 5(b)(2)(E).**[1] In the instant case, plaintiff has not contested the receipt of the documents transmitted, hence, it would be reasonable to believe that the documents were duly received upon transmission by the defendants.

Hence, it would also be reasonable to conclude that plaintiff has fourteen days to reply, that is, October 2, 2013, based upon the uncontested facts that (a) the documents were served electronically by the defendants upon plaintiff; (b) plaintiff encountered no problems with the electronically transmitted documents, as this matter is a non-issue in plaintiff's *Motion for Reconsideration* filed on October 8, 2013, Docket No. 265; and (C) pursuant to the defendants' motions' certificates of service are consistent is stating that "I CERTIFY that on this date, I electronically filed the foregoing … motion … with the Clerk of the Court using CM/ECF, which will send a notification of this filing to all counsel and parties of record." *See* Docket entries No. 258 and 259.

In sum, it is clear the inapplicability of the "mailbox rule" or Fed.R.Civ.P. 6(d), as the defendants' motions filed under Docket entries No. 258 and 259 were electronically served, and received. Most importantly, the

record shows that there is no claim by plaintiff stating that the documents were never received; the electronic transmission was defective and/or there was excusable neglect. Hence, it is reasonable to conclude that the documents served electronically upon plaintiff, were duly received. Furthermore, since the language of the Fed.R.Civ.P. 6(d) has not been amended by Congress, as suggested by the Advisory Committee Notes of 2005, the Court is not bound by the Advisory Committee Notes, but rather by the language of Fed.R.Civ.P. 6(d).

Lastly, plaintiff argues that pursuant to Local Rule 7(b), a party is allowed 14 days to file an opposition to the motion served. *See* Docket No. 265, page 2. Plaintiff further alleges:

Fed.R.Civ.P. 6(d) states that: "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)." Fed.R.Civ.P. 6(a)(1) provides that when computing a period, the day of the event that triggers the period is excluded and that if the last day of the period "is a Saturday, Sunday, or legal holiday, the period continues until the end of the next day that is not a Saturday, Sunday, or legal holiday."

In the instant case, the defendants filed two motions by electronic means through the CM/ECF court system, hence, it is presumed to be served on the same date of the electronic filing, unless a defective filing is detected by the court system or by the serving party. Consequently, plaintiff has 14 days after the service of the motion to reply pursuant to Local Rule 7(b). A careful review of the motions filed by the defendants show that said motions are not covered by any of the exceptions of Fed.R.Civ.P. 6(d), to wit:

(1) motions in limine and motions requesting a bench trial are not discovery papers under Fed.R.Civ.P. 5(b)(2)(C), as these are simply pretrial motions;

(2) the defendants' pretrial motions were served by electronic means through the

---

1. The Court notes that the provisions of Fed. R.Civ.P. 6(d) creates a confusion with the provisions of Local Rule 5(e), as Fed.R.Civ.P. 6(d) conditions the applicability of the three addition-

al days when service is made under Fed.R.Civ.P. 5(b)(2)(C), (D), (E), or (F). Local Rule 5(e) automatically extends the three additional days to the "parties receiving service by electronic means."

Court's CM/ECF system, which also provides the plaintiff's electronic address (also known by the defendants); hence, there was no need to "leave [the motion] . . . with the court clerk if the person has no known address;" as provided by Fed.R.Civ.P. 5(b)(2)(D);

(3) the defendants filed their motions by electronic means, however, there is no allegation or evidence by the plaintiff that the electronic transmission was defective or "did not reach the person to be served," as provided by Fed.R.Civ.P. 5(b)(2)(E); or

(4) the defendants' motions were electronically served directly upon plaintiff not through an "agency designated to make delivery," as provided by Fed.R.Civ.P. 5(b)(2)(F).

In view of the fact that none of the exceptions provided in Fed.R.Civ.P. 6(d) are applicable, then the extension of the three additional days is inapplicable.

The Court further finds that the language of the Advisory Committee Notes is inapplicable to the instant factual situation, as it does not fall within any of the restrictions or exemptions of Fed.R.Civ.P. 6(d), and based on its discretionary powers, the three additional days are inapplicable, as plaintiff herein was required to act [to reply] within fourteen days, and failed to do so timely.

Notwithstanding, plaintiff is granted the three additional days as they are explicitly authorized as provided by Local Rule 5(e),[2] "Parties receiving service by electronic means are entitled to three (3) additional days to respond pursuant to Fed.R.Civ.P. 6(d)." This argument was never alleged by plaintiff but the Court authorizes the extra days as the Court's Local Rule has yet to be properly amended.[3]

### Conclusion

In view of the foregoing, plaintiff's *Motion for Reconsideration*, Docket No. 265, is granted.

IT IS SO ORDERED.

---

2. Local Rule 5(e) is currently subject of review, as the undersigned has requested the Court a clarification and amendment of this Rule, in order to avoid any further confusion in its interpretation and application, and to attempt to synchronize the language of the Fed.R.Civ.P. 6(d) with our Local Rule 5(e). Current Local Rule 5(e) constitutes a transition rule established when the court originally adopted the CM/ECF system. It should have been amended to conform with Fed.R.Civ.P. 5(b)(2)(C), (D), (E) or (F). Local Rule 5(e) is clearly against said rule.

3. *See* Rules of the United States District Court for the District of Maine, App. IV. Administrative Procedures Governing the Filing and Service by Electronic Means. Section (d)(2) provides: "A document filed electronically shall be deemed filed at the time and date stated on the Notice of Electronic Filing received from the Court." Section (f) provides: "**Filing documents electronically does not in any way alter any filing deadlines.** All electronic transmissions of documents must be completed prior to midnight, Eastern Time, in order to be considered timely filed that day. Where a specific time of day deadline is set by Court order or stipulation, the electronic filing must be completed by that time." (Emphasis ours).

The Local Rules of the United States District Court for the District of Massachusetts, Rule 5.4. Filing and Service by Electronic Means. Section (d) provides: "Although the ECF system is gener-

ally available 24 hours a day for electronic filing, that availability will not alter filing deadlines, whether set by rule, court order, or stipulation. All electronic transmissions of documents must be completed prior to 6:00 p.m. to be considered timely filed that day."

The Local Rules of the United States District Court for the District of New Hampshire, Rule 6.1. Computation of Time, provides: "Whenever in these rules reference is made to filing, time periods shall be determined in accordance with Fed.R.Civ.P. 6(a) and (d). Rule 6(d) does not apply to time periods calculated from the date of filing. The last day for documents submitted using the 24–hour depository shall end at midnight local time unless a different time is established by court order."

*But see* the Local Rules of the United States District Court for the District of Rhode Island, LR Gen 309. Service of Documents by Electronic Means. Section (e) provides: "Service by electronic means shall be treated the same as service by mail for the purpose of adding 3 days to the prescribed period to respond." The Court notes that Local Rule 5.4 of Rhode Island is similar to Local Rule 5(e) of Puerto Rico which provides: "Parties receiving service by electronic means are entitled to three (3) additional days to respond pursuant to Fed.R.Civ.P. 6(d)."

In sum, based on the discretionary powers of the court, each district has enacted different local rules interpreting the application of Fed. R.Civ.P. 6(d).