UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-7958**

———————

JOSEPH DICKERSON, a/k/a Joseph Lee Dickerson, a/k/a Joseph L. Dickerson,

                Petitioner - Appellant,

     v.

WARDEN LIEBER CORRECTIONAL INSTITUTION,

                Respondent - Appellee.

———————

Appeal from the United States District Court for the District of South Carolina, at Anderson.  R. Bryan Harwell, District Judge. (8:12-cv-02606-RBH)

———————

Submitted:  April 17, 2014         Decided:  April 21, 2014

———————

Before WILKINSON, KING, and DUNCAN, Circuit Judges.

———————

Dismissed by unpublished per curiam opinion.

———————

Joseph Dickerson, Appellant Pro Se.  Melody Jane Brown, Assistant Attorney General, Donald John Zelenka, Senior Assistant Attorney General, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph Dickerson seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 (2012) petition, and its subsequent order denying Dickerson's post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) and 60(b). The district court referred this case to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) (2012). The magistrate judge recommended that relief be denied and advised Dickerson that failure to file timely objections to this recommendation could waive appellate review of a district court order based upon the recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); see also Thomas v. Arn, 474 U.S. 140 (1985). Dickerson has waived appellate review by failing to timely file objections after receiving proper notice.[*]

---

[*] The district court granted Dickerson one thirty-day extension of time in which to file his objections, and did not abuse its discretion in denying a second extension. See Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 534 (4th Cir. 1996) (providing standard of review for denial of filing extension).

2

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED