**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1042**

_____

SYMBIONICS INC.,

          Plaintiff - Appellant,

     v.

CHRISTOPHER J. ORTLIEB,

          Defendant – Appellee,

     and

AMY ORTLIEB; OPM, LLC; ATACC SYSTEMS, LLC; WARFIGHTER
TECHNOLOGIES, LLC,

          Defendants.

_____

**No. 10-1289**

_____

SYMBIONICS INC.,

          Plaintiff - Appellee,

     v.

CHRISTOPHER J. ORTLIEB,

          Defendant – Appellant,

     and

AMY ORTLIEB; OPM, LLC; ATACC SYSTEMS, LLC; WARFIGHTER
TECHNOLOGIES, LLC,

          Defendants.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony J. Trenga, District Judge. (1:08-cv-00044-AJT-TRJ)

Argued: March 22, 2011                    Decided: May 23, 2011

Before TRAXLER, Chief Judge, and MOTZ and AGEE, Circuit Judges.

Appeal dismissed; case remanded by unpublished per curiam opinion.

**ARGUED:** Steven Martin Gombos, RITZERT & LEYTON, PC, Fairfax, Virginia, for Appellant/Cross-Appellee. Christine Marie Nicolaides, PILLSBURY, WINTHROP, SHAW & PITTMAN, LLP, Washington, D.C., for Appellee/Cross-Appellant. **ON BRIEF:** Gerald M. Ritzert, RITZERT & LEYTON, PC, Fairfax, Virginia, for Appellant/Cross-Appellee. Karen-Faye McTavish, PILLSBURY, WINTHROP, SHAW & PITTMAN, LLP, Washington, D.C., for Appellee/Cross-Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Symbionics, Inc., filed an untimely notice of appeal from the district court judgment in the instant action between Symbionics and Christopher J. Ortlieb. The district court subsequently granted Symbionics' motion for an extension of time to file a notice of appeal, finding that an error associated with counsel's use of a computer calendar to calculate the deadline constituted "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5)(A). Ortlieb cross-appeals the district court's excusable neglect determination. Because we conclude that the district court abused its discretion by granting Symbionics' motion for enlargement of time, we reverse the judgment and dismiss Symbionics' appeal for lack of jurisdiction.

I.

This case arises out of a dispute between Symbionics, Inc., and its former president, Christopher J. Ortlieb. Symbionics sued Ortlieb and other defendants[1] asserting claims of breach of contract, breach of fiduciary duty, and tortious interference with contractual relations, among other state law causes of

---

[1] The named defendants included Appellees Amy Ortlieb; OPM, LLC; and ATACC Systems, LLC. The claims against these Appellees are not relevant to our disposition of this appeal.

action. Ortlieb brought various counterclaims against Symbionics, including breach of contract, unjust enrichment, and conversion. Following a bench trial, the district court granted judgment for Symbionics as to its breach of fiduciary duty claim, dismissed the remainder of Symbionics' claims, and ruled in favor of Ortlieb on his counterclaims. The district court entered a final judgment on December 4, 2009.

Symbionics filed a notice of appeal on January 5, 2010, one day after the expiration of the thirty-day time limit prescribed by Federal Rule of Appellate Procedure 4(a)(1). See Fed. R. App. P. 26(a) (providing method for computing time period). On January 7, 2010, Symbionics then filed a timely motion for extension of time to file a notice of appeal asking the court to extend the filing deadline to January 5, and thereby render timely Symbionics' tardy notice of appeal. See Fed. R. App. P. 4(a)(5)(A)(i) (permitting party to move for extension of time to file notice of appeal up to thirty days after expiration of original thirty-day appeal period). In the memorandum supporting its motion, Symbionics explained that a quirk in the functionality of counsel's computer calendar caused counsel to miscalculate the deadline to appeal as January 5, 2010, rather than the correct date of January 4, 2010. Counsel used the Microsoft Windows Calendar, a standard application of the Microsoft Windows operating system, to compute the date on which

4

the thirty-day period to appeal would end.  The alleged glitch occurred when, after counting twenty-seven days through December 31, 2009, counsel changed the month on the calendar display to January in order to continue the computation.  Counsel failed to notice that the calendar did not automatically advance to January 2010 but instead reverted to January 2009.  Consequently, counsel mistakenly referenced the January 2009 calendar when he completed the calculation of the thirty-day window to appeal, which resulted in counsel's erroneous determination that the deadline was January 5.

The district court granted Symbionics' motion for enlargement of time after concluding that Symbionics' delay was the result of "excusable neglect" within the meaning of Rule 4(a)(5)(A).  Ortlieb timely cross-appealed on the ground that the district court abused its discretion when it granted Symbionics' motion for an extension of time under the excusable neglect standard.  For the reasons set forth below, we agree with Ortlieb.

## II.

## A.

We review for abuse of discretion a district court's extension of the Rule 4(a) time to appeal upon a finding of excusable neglect.  Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 534 (4th Cir. 1996); United States v.

<u>Borromeo</u>, 945 F.2d 750, 754 (4th Cir. 1991). An abuse of discretion manifests "in a failure or refusal, either express or implicit, actually to exercise discretion, deciding instead as if by general rule, or even arbitrarily, as if neither by rule nor discretion." <u>James v. Jacobson</u>, 6 F.3d 233, 239 (4th Cir. 1993). An abuse of discretion may also occur when a district court fails "to take into account judicially recognized factors constraining its exercise," or when its action is tainted "by erroneous factual or legal premises." <u>Id.</u>

B.

In a civil suit, a notice of appeal must be filed within thirty days of the entry of the judgment. Fed. R. App. P. 4(a)(1). Compliance is "mandatory and jurisdictional" and the district court may extend the deadline only under limited circumstances. <u>Bowles v. Russell</u>, 551 U.S. 205, 209-10 (2007) (internal quotation marks omitted). Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure permits a district court to extend the time to file a notice of appeal if a party shows "excusable neglect or good cause."[2] Symbionics' Rule 4(a)(5)

---

[2] Federal Rule of Appellate Procedure 4(a)(5)(A) provides:

**Motion for Extension of Time**

(Continued)

6

motion asserted excusable neglect by counsel, and the district court evaluated the motion on that ground.

In Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court set forth the factors to be considered in determining whether excusable neglect exists. They are: "[1] danger of prejudice to the [opposing party], [2] the length of delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer, 507 U.S. at 395 (interpreting "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure). We adopted the Pioneer factors for the purpose of Rule 4(a)(5) in Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996).

The district court weighed the first, second, and fourth factors in Symbionics' favor, finding no prejudice to Ortlieb,

---

**(A)** The district court may extend the time to file notice of appeal if:

**(i)** a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

**(ii)** regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

7

no material delay in the proceedings, and a good faith attempt by Symbionics to comply with the rules. We agree. As a general rule, the first two Pioneer factors will favor the moving party because the time limits inherent in Rule 4(a)(5) necessarily minimize the extent of any prejudice or delay. Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003). Furthermore, the fourth Pioneer factor is rarely material, as the absence of good faith is seldom at issue in excusable neglect cases. Id. Accordingly, the third Pioneer factor—the untimely party's reason for the delay—is the most important to the excusable neglect inquiry. Thompson, 76 F.3d at 534. It is with respect to this critical third factor that our reasoning departs from that of the district court.

In evaluating Symbionics' excuse for its tardiness, the district court correctly noted that the conception of excusable neglect in Pioneer encompasses "where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer, 507 U.S. at 388. The court also acknowledged our observation in Thompson that "a mere concession of palpable oversight or administrative failure generally has been held to fall short of the necessary showing" for excusable neglect. Thompson, 76 F.3d at 534 (emphasis omitted) (quoting In re O.P.M. Leasing Serv., Inc., 769 F.2d 911, 917 (2d Cir.

8

1985)).  Nevertheless, the court determined that the reason for Symbionics' delay was more than "mere administrative error attributable solely to Symbionics' negligence."  J.A. 997. Instead, the court attributed Symbionics' belated filing to "the less than completely understood electronic workings of a commonly used software product[,] . . . extraneous factors independent of Symbionics' negligence[, and] . . . unusual circumstances."  J.A. 997-98.  Based upon these premises, the district court decided that Symbionics' failure to file a timely notice of appeal was the result of excusable neglect.  We disagree, and conclude that the court abused its discretion in so deciding.

With due respect for the unique position of the district court to evaluate the circumstances relevant to an excusable neglect determination, we underscore the caution of our precedent: "'Excusable neglect' is not easily demonstrated, nor was it intended to be."  Thompson, 76 F.3d at 534.  Indeed, "a district court should find excusable neglect only in the extraordinary cases where injustice would otherwise result." Id. (internal quotation marks omitted).  These limiting principles confine the circumstances under which a district court may properly find excusable neglect, particularly in instances of mere "inadvertence, mistake, or carelessness." Pioneer, 507 U.S. at 388.

9

We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). Counsel's total dependence on a computer application—the operation of which counsel did not completely comprehend—to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence. See J.A. 997. Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation, are the very essence of counsel's negligence here. Furthermore, this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past. See, e.g., Thompson, 76 F.3d at 535.

## III.

For the foregoing reasons, we hold that the district court abused its discretion when it determined that Symbionics' counsel's computer calendaring error constituted excusable neglect. We therefore reverse the order of the district court granting Symbionics' motion for extension of time to file a notice of appeal and dismiss Symbionics' underlying appeal for

lack of jurisdiction.[3]  We remand to the district court for a determination of appropriate attorneys' fees, if any, that might be due under the parties' employment agreement.

<u>APPEAL DISMISSED;</u>
<u>CASE REMANDED</u>

---

[3] We acknowledge the potential hardship of being denied an appeal, but we believe that the burden to Symbionics is negligible here.  Had we reached the merits of Symbionics' appeal, we would have affirmed the judgment of the district court on the ground that the court's findings were not erroneous.

11