NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3091
_____

GARY ANTHONY,
On Behalf of Himself and Others Similarly Situated,
Appellant
v.

SMALL TUBE MANUFACTURING CORP,
doing business as Small Tube Products Corp., Inc.;
ADMIRAL METALS, INC.;
TUBE METHODS, INC.;
CABOT CORPORATION,
Individually and As Successor In Interest To Cabot Berylco, Inc.,
Kawecki Berylco Industries, Inc. and The Beryllium Corporation C/O C.T. Corporation
Systems

v.

AMETEK, INC.;
BRUSH WELLMAN, INC.;
MILLENNIUM PETROCHEMICALS, INC.,
formerly known as National Distillers and Chemical Corporation
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
(Civ. Action No. 2:06-cv-04419)
District Judge: Honorable James Knoll Gardner
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2012
_____

Before: HARDIMAN, GREENAWAY, JR., and GREENBERG, *Circuit Judges*.

(Opinion Filed: June 11, 2012)

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Gary Anthony ("Anthony") appeals the District Court's December 27, 2010 Order, awarding costs to a third-party defendant, and the District Court's July 15, 2011 Order, denying Anthony's motion for reconsideration of the December 27, 2010 Order. For the reasons that follow, we will dismiss the appeal from the December 27, 2010 Order for lack of jurisdiction, and we will affirm the July 15, 2011 Order.

## I.  BACKGROUND

Because we write primarily for the benefit of the parties, we recount only the essential facts.

For over thirty years, Anthony was employed at a plant in Sellersville, Pennsylvania, manufacturing certain commercial goods. The manufacturing process caused the emission of respirable beryllium particulates, which are highly toxic to humans. On September 7, 2006, Anthony filed a class action complaint in Pennsylvania state court against the manufacturers of the plant's beryllium-based products, seeking to establish a medical monitoring trust for the putative class. After the case was removed to

the District Court, Defendant Tube Methods, Inc. filed a third-party complaint against

Third-Party Defendant Brush Wellman, Inc. ("Brush").[1]

Defendant Cabot Corporation and Brush filed a joint motion for summary

judgment, joined by all other defendants and third-party defendants. On September 30,

2008, the District Court granted summary judgment in favor of all defendants and

dismissed as moot the summary judgment motion as to all third parties. We affirmed the

District Court's decision. *See Sheridan v. NGK Metals Corp.*, 609 F.3d 239 (3d Cir.

2010).

On July 2, 2010, Brush electronically filed a Bill of Costs, seeking to recover

approximately $11,000 in litigation costs from Anthony, pursuant to Fed. R. Civ. P. 54.

Although Anthony failed to file a response, the Clerk of the District Court denied Brush's

motion. On September 30, 2010, Brush electronically filed a motion with the District

Court seeking review of the Clerk's denial of costs. The motion did not contain a

certificate of service, as required by the District Court's local rules. However, the

electronic filing receipt evidences that Anthony's counsel received electronic notice of

the motion on the day it was filed. Anthony filed no objection to Brush's motion seeking

review of the Clerk's denial of costs. The District Court granted Brush's motion as

unopposed on December 27, 2010, awarding costs in Brush's favor. The Order was not

entered on the docket until December 28, 2010.

On February 16, 2011, Anthony filed a motion seeking reconsideration of the

December 27, 2010 Order under Fed. R. Civ. P. 59 or, in the alternative, relief from the

---

[1] Brush has since changed its name to Materion Brush, Inc.

Order under Fed. R. Civ. P. 60(b). Anthony argued that his counsel never received electronic service of Brush's September 30, 2010 motion or the District Court's December 27, 2010 Order, through the District Court's Electronic Case Filing system ("ECF"). In fact, Anthony claimed it was not until February 3, 2011 that his counsel first learned of and received the December 27, 2010 Order, when Brush forwarded him a copy of the Order.

On July 15, 2011, the District Court denied Anthony's motion, concluding that neither reconsideration nor relief from the Order was warranted. As for reconsideration, the District Court reasoned that the motion was untimely under the court's local rules. Second, the District Court determined that reconsideration was unwarranted, in any event, because Anthony's counsel failed to establish that they did not receive electronic service of either Brush's motion seeking review of the Clerk's denial of costs or the court's December 27, 2010 Order granting the motion as unopposed. The District Court noted that several attorneys who were representing Anthony had registered with the court's electronic filing system and, therefore, consented to electronic service under Fed. R. Civ. P. 5.

The District Court also denied Anthony's request for relief from the December 27, 2010 Order, pursuant to Fed R. Civ. P. 60(b)(1). The District Court rejected Anthony's argument that the Order should be vacated because his counsel never received Brush's motion seeking review of the denial of costs, amounting to excusable neglect.

On July 29, 2011, Anthony filed an appeal from the District Court's December 27, 2010 and July 15, 2011 Orders.

## II.    JURISDICTION AND STANDARD OF REVIEW

Following the removal of the state action to federal court, pursuant to the Class Action Fairness Act of 2005, the District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1453.  We have appellate jurisdiction, if at all, under 28 U.S.C. § 1291.

"We review a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations *de novo* and factual determinations for clear error."  *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010) (citation omitted).  We also review a District Court's denial of a Rule 60(b) motion for abuse of discretion.  *Brown v. Philadelphia Housing Auth.*, 350 F.3d 338, 342 (3d Cir. 2003).  We exercise plenary review over questions regarding the timeliness of a notice of appeal.  *DL Res., Inc. v. FirstEnergy Solutions Corp.*, 506 F.3d 209, 213 (3d Cir. 2007) (citation omitted).

## III.    ANALYSIS

### A.    Jurisdiction

At the outset, we must address our jurisdiction.  *See Lui v. Comm'n on Adult Entm't Establishments of Del.*, 369 F.3d 319, 324 (3d Cir. 2004).  Brush argues that Anthony's appeal from the District Court's December 27, 2010 Order was untimely and, as a result, we must dismiss the entire appeal for lack of jurisdiction.  We disagree.

Federal Rule of Appellate Procedure 4 ("Appellate Rule 4") states that an appeal from an order in a civil case, to which the United States is not a party, must be filed within 30 days after the district court clerk enters the order on the docket.  Fed. R. App. P. 4(a)(1)(A).  Where a party files a timely post-judgment motion, Appellate Rule

5

4(a)(4)(A) tolls the time to file an appeal, and the clock does not begin to run, until the date of the district court's disposition of the post-judgment motion. Fed. R. App. P. 4(a)(4)(A); *see also Long v. Atlantic City Police Dep't*, 670 F.3d 436, 440 (3d Cir. 2012). An untimely notice of appeal deprives us of jurisdiction. *See Lizardo v. United States*, 619 F.3d 273, 276 (3d Cir. 2010).

The District Court's December 27, 2010 Order awarding Brush costs was entered on the docket on December 28, 2010. Anthony had 30 days from this latter date—until January 27, 2011—to appeal the December 27, 2010 Order, *see* Fed. R. Civ. P. 6, unless Anthony filed a timely post-judgment motion that tolled the 30-day appeal period. On February 16, 2011, Anthony filed a post-judgment motion seeking reconsideration or, in the alternative, relief from judgment. This motion was untimely as to both forms of relief requested, within the meaning of Appellate Rule 4, and, therefore, could not toll the 30-day appeal period.

Starting with the motion for reconsideration, Appellate Rule 4 provides for tolling of the 30-day window upon a filing of a timely motion "to alter or amend the judgment under Rule 59." Fed. R. App. P. 4(a)(4)(A)(iv). A motion for reconsideration must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).[2] Therefore, Anthony had to file his motion for reconsideration no later than January 25,

---

[2] Local Rule 7.1(g) provides that a motion for reconsideration must be filed no later than 14 days after the date the order is entered. E.D. Pa. L. R. 7.1(g). Because this provision in the District Court's local rules is inconsistent with Fed. R. Civ. P. 59(e), we cannot rely on this provision for purposes of computing the appropriate deadline. *See Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 173 (3d Cir. 1990).

2011 to toll his time to appeal, which ran two days later on January 27, 2011. Anthony's motion for reconsideration was filed on February 16, 2011—untimely by over two weeks.

The same holds true for the portion of Anthony's post-judgment motion seeking relief under Fed. R. Civ. P. 60(b). As with motions for reconsideration, Appellate Rule 4(a)(4)(A) states that a timely motion for relief under Rule 60 tolls the 30-day appeal period. Fed. R. App. P. 4(a)(4)(A)(vi). While Appellate Rule 4(a)(4)(A) looks to Fed. R. Civ. P. 59 to determine the timeliness of a motion for reconsideration for purposes of tolling, Appellate Rule 4(a)(4)(A) specifically provides that a motion for relief from judgment under Fed. R. Civ. P. 60 must be filed "no later than 28 days after the judgment is entered." Fed. R. App. P. 4(a)(4)(A)(vi).[3] In effect, this timing requirement is no different than that applicable to a motion for reconsideration. Anthony's motion seeking relief under Fed. R. Civ. P. 60 was filed outside this 28-day window and failed to toll his time to file a notice of appeal from the December 27, 2010 Order.

Because Anthony's Rule 60(b) motion was not filed within 28 days after the District Court entered judgment, it failed to toll the 30-day appeal period under Appellate Rule 4(a)(4)(A). Anthony filed his notice of appeal challenging the District Court's December 27, 2010 Order on July 19, 2011—far too late. Consequently, we lack

---

[3] By contrast, a motion filed in the district court seeking relief under Fed. R. Civ. P. 60 must be filed "within a reasonable time" and no later than one year after the order is entered for three of the six available grounds for relief under Fed. R. Civ. P. 60(b). *See* Fed. R. Civ. P. 60(c). Practically speaking, a motion under Fed. R. Civ. P. 60(b), filed after the expiration of 28 days after the order being challenged is entered, can still be timely for purposes of the district court yet not toll the time to appeal the underlying order under Appellate Rule 4(a)(4)(A).

jurisdiction to review Anthony's appeal from the District Court's underlying December

27, 2010 Order.  *See Long*, 670 F.3d at 446.[4]

But our lack of jurisdiction to review the District Court's December 27, 2010

Order does not mandate dismissal of the entire appeal, as Brush suggests.  Anthony's

notice of appeal challenged both the District Court's December 27, 2010 Order awarding

costs *and* the July 15, 2011 Order denying reconsideration and relief from judgment.

These two Orders are analytically distinct.  A timely appeal from a district court's denial

of an untimely filed post-judgment motion permits us to exercise jurisdiction over the

order denying the post-judgment motion.  *Baker v. United States*, 670 F.3d 448, 462 (3d

Cir. 2012) ("Although we do not have jurisdiction over the Dismissal Order, we do have

jurisdiction over the District Court's orders denying Baker's motions for reconsideration

because Baker filed a timely notice of appeal as to those orders.").  Anthony filed his

appeal from the District Court's denial of his post-judgment motion within 30 days of the

July 15, 2011 Order.  We have jurisdiction to review Anthony's timely appeal from the

disposition of this motion.

---

[4] Anthony's contention that his counsel failed to receive electronic service of the District Court's December 27, 2010 Order has no effect on our analysis.  Appellate Rule 4(a)(1) establishes a 30-day mandatory and jurisdictional deadline to file a notice of appeal.  *See Long*, 470 F.3d at 445.  We possess no power to create an equitable exception to this jurisdictional timeframe.  *Id.*

**B.      District Court's Denial of Anthony's Post-Judgment Motion**

### 1.      *Motion for Reconsideration*

The District Court denied Anthony's motion for reconsideration on the ground that the motion was untimely. We see no abuse of discretion in the District Court's decision. We will affirm the denial of the motion for reconsideration.

Anthony's motion for reconsideration was plainly untimely under Fed. R. Civ. P. 59, filed over two weeks past the January 25, 2011 deadline. This provided the District Court with ample justification to deny the motion for reconsideration. *See Baker*, 670 F.3d at 462. Anthony argued that his motion should not be denied as untimely because his counsel did not receive the District Court's December 27, 2010 Order via ECF to permit a timely filed post-judgment motion. The District Court was unmoved by this argument and so, too, are we.

The District Court's local rules iterate that an attorney who registers through ECF consents to electronic service of documents and that such service "shall be deemed to satisfy the requirements of Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure." E.D. Pa. L. R. 5.1.2.8(a). As the District Court noted, the electronic notice of filing for the December 27, 2010 Order indicates that both of Anthony's attorneys of record in the District Court—Ruben Honik and Stephan Matanovic—received the Order at their registered e-mail addresses. Moreover, the electronic notice states that two other attorneys employed at the same firm also were electronically served with the Order. The affidavit from Matanovic certifying that he has no record of having received the Order is insufficient to rebut the electronic notice of filing, especially given that three other

attorneys were served with the Order. There also is no allegation that Anthony's counsel failed to receive other electronic filings in this case that had been proceeding in the District Court since 2006.

The District Court is unquestionably permitted to enforce its local rules regarding electronic service. *See Baylson v. Disciplinary Bd. of the Supreme Court of Pa.*, 975 F.2d 102, 107 (3d Cir. 1992). Anthony's counsel has provided no evidence upon which we can disturb the District Court's factual finding that counsel was electronically served with the District Court's December 27, 2010 Order. As a result, we will affirm the denial of Anthony's motion for reconsideration.

### 2. *Motion for Relief From Order Under Fed. R. Civ. P. 60(b)(1)*

Anthony also sought relief from the District Court's December 27, 2010 Order, pursuant to Fed. R. Civ. P. 60(b)(1). We agree with the District Court that Anthony presented no grounds for relief under this provision.

Federal Rule of Civil Procedure 60(b)(1) permits the District Court to relieve Anthony from the December 27, 2010 Order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Fed. R. Civ. P. 60(b)(1) is equitable, requiring us to weigh the totality of the circumstances. *Nara v. Frank*, 488 F.3d 187, 193-94 (3d Cir. 2007) (citation omitted). We consider four factors in determining whether Anthony is entitled to relief under Fed. R. Civ. P. 60(b)(1): (1) prejudice to Brush; (2) how much delay occurred and its potential impact on judicial proceedings; (3) why the delay occurred and whether it was within Anthony's control; and (4) whether Anthony acted in good faith. *Id.* at 194 (citation omitted).

10

Anthony argued that he should be relieved from the December 27, 2010 Order due to excusable neglect because he never received electronic notice that Brush had filed its motion seeking review of the denial of costs.[5] The District Court found no evidence that granting Anthony relief would prejudice Brush and that the delay did not impact proceedings in this case. The District Court also did not doubt that Anthony acted in good faith. However, the District Court determined that the delay was solely attributable to Anthony's counsel. In particular, the District Court reiterated that the electronic notice of filing for the December 27, 2010 Order indicated that two of Anthony's attorneys of record were served with Brush's motion, while two additional attorneys also received electronic service.

Having applied the totality of the circumstances analysis, we see no abuse of discretion in the District Court's determination that Anthony failed to demonstrate "excusable neglect" to warrant relief under Fed. R. Civ. P. 60(b)(1).[6]

## IV.    CONCLUSION

For the foregoing reasons, we will dismiss the appeal from the District Court's December 27, 2010 Order, and we will affirm the District Court's July 15, 2011 Order.[7]

---

[5] We note that this argument is inherently inconsistent with Anthony's position that his counsel never received electronic service of Brush's motion.

[6] That Brush failed to include a certificate of service with its motion, in accordance with the local rules, in no way alters the conclusion that Anthony's counsel was electronically served with the motion.

[7] Based on our determinations, we express no opinion on the District Court's alternative determination that, all other issues aside, Brush was entitled to costs as a prevailing third-party defendant.

11