**Glenn SMITH, Plaintiff,**

**v.**

**LOOK CYCLE USA, Defendant.**

**Case No. 1:11–cv–1080 (GBL/JFA).**

United States District Court,
E.D. Virginia,
Alexandria Division.

March 19, 2013.

Johnnie L. Johnson, Jr., Reston, VA, for Plaintiff.

Charles Kalman Seyfarth, Meagan Anne Mihalko, LeClairRyan PC, Richmond, VA, Sarah Elizabeth Moffett, LeClair Ryan PC, Alexandria, VA, for Defendant.

## MEMORANDUM OPINION AND ORDER

GERALD BRUCE LEE, District Judge.

THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiff's Opposition to Defendant's Motion to Exclude and Motion to Strike (Doc. 88), and Plaintiff's Motion for Leave to File Memoranda in Opposition (Doc. 91). The case concerns Plaintiff Glenn Smith's products liability and breach of warranty claims against Defendant Look Cycle USA, where Plaintiff alleges that he was injured in an accident due to a defective bicycle pedal. On January 17, 2013, the Court granted Defendant's Motion to Strike and denied Plaintiff's Motion for Leave without an explanation thereof. (Docs. 97, 98.) The Court now issues this Memorandum Opinion and Order for the purpose of explaining its reasoning.

The instant Motions effectively present one lengthy issue before the Court: whether the Court should grant Plaintiff additional time to file his Opposition to Defendant's motions to strike Plaintiff's expert and his expert report where Plaintiff's counsel (1) filed the Oppositions between five and ten days later than demanded by the Local Rules, (2) failed to seek leave of the Court until after the passage of the deadline set forth in the Local Rules, (3) failed to acknowledge his untimeliness until after Defendant moved to strike, (4) claims that computer problems prevented timely filing, and (5) failed to notify or otherwise contact defense counsel or the Court regarding these issues prior to missing the filing deadline.

The Court concludes that Plaintiff's untimely Oppositions must be stricken because Plaintiffs counsel fails to demonstrate the excusable neglect required for the Court to grant an extension not requested until after the passage of the

deadline imposed by the Local Rules. When a party seeks an extension of time after a filing deadline has passed, Federal Rule of Civil Procedure 6(b) permits courts to grant extensions only upon a showing of excusable neglect. Here, Plaintiff filed the extension request in the week after the passage of the appropriate deadlines. Counsel's excuse for the untimely nature of the filings—computer virus problems—does not rise to excusable neglect, especially in light of the fact that he never contacted the Court or opposing counsel prior to the deadline to indicate anticipating difficulty in timely filing. Accordingly, the Court grants Defendant's Motion to Strike and denies Plaintiff's Motion for Leave to File.

## I. BACKGROUND

On July 22, 2012, Plaintiff Glenn Smith filed this products liability and breach of warranty action against Defendant Look Cycle USA, Inc. (2d Am. Compl. at 1, Doc. 45.) Disposition of the instant motion requires only those facts pertaining to filing dates. Considering the Motions' reliance on chronological history, the relevant dates and events are set forth as follows:

- **December 19, 2012:** Defendant files a Motion to Exclude Plaintiff's Expert Bill Baker. (Doc. 75.) Local Rule 7(F) provides that opposing parties must file responsive briefs within fourteen (14) days. Thus, Plaintiff's Opposition would be due January 2, 2013.
- **December 21, 2012:** Defendant files a Motion to Strike Plaintiffs December 2012 Report. (Doc. 78.) Pursuant to Local Rule 7(F), Plaintiff's Opposition would be due January 4, 2013.
- **December 27, 2012:** Plaintiff electronically files his combined objections to Defendant's witness list, exhibit list, and statement of undisputed facts. (Doc. 82.)
- **January 2, 2013:** Plaintiff's Opposition to Defendant's Motion to Exclude is due.
- **January 4, 2013:** Plaintiff's Opposition to Defendant's Motion to Strike is due.
- **January 9, 2013:** Plaintiff files his Opposition to Defendant's Motion to Strike the December 2012 Report, making no reference to the untimeliness of the filing. (Doc. 87.)
- **January 11, 2013:** Defendant files the instant Motion to Strike. (Doc. 88.)
- **January 12, 2013:** Plaintiff files the instant Motion for Leave to File the Opposition to Defendant's Motions regarding Plaintiff's expert. (Doc. 91.) Plaintiff's counsel cites computer problems as the reason for the untimeliness.
- **January 13, 2013:** Defendant files its Opposition to Plaintiffs Motion for Leave to File. (Doc. 92.)
- **January 13, 2013:** Plaintiff files his Opposition to Defendant's Motion to Exclude. (Doc. 93.)

In its Motion to Strike, filed before Plaintiff's Motion for Leave and the accompanying explanations for tardiness, Defendant argued that the Opposition must be stricken due to Plaintiff's untimely failing, failure to seek an enlargement of time, and failure to offer any explanation.

Not having responded directly to Defendant's Motion to Strike the late-filed Opposition, Plaintiff supported his Motion for Leave to file by explaining that Plaintiffs counsel experienced technical due to the alleged presence of 600 computer viruses. These problems, counsel argues, prevented Plaintiff's counsel from downloading files from the Court's electronic case filing ("ECF") system and accessing Fourth Circuit opinions online. Additionally, Plaintiffs counsel attached a invoice, dated January 11, 2013, to the Motion describing the repair services of a computer technician.

Defendant retrenched its previous position in its Opposition to Plaintiff's Motion for leave by presenting four reasons why

Plaintiff's Motion should be denied and Plaintiff's late-filed Oppositions should be stricken. First, Defendant argues that this Court's Filing Policies and Procedures Manual expressly refuses to excuse untimely filings due to computer failures. Second, courts within this circuit have rejected computer problems as a basis for excusable neglect. Third, Defendant argues Plaintiff's counsel's explanation is not credible. Fourth, Defendant avers that Plaintiff's counsel's explanation is not credible due to contradictions, failure to contact defense counsel prior to the deadline, the Opposition's failure to mention untimeliness, habitually late filings, and prejudice to Defendant.

## II. DISCUSSION

### A. Motion to Strike Standard of Review

Federal Rule of Civil Procedure 6(b) guides courts on extensions of time for motion papers. Fed.R.Civ.P. 6(b). Prior to passage of a deadline, "the court may, for good cause, extend the time with or without motion or notice ... before the original time or its extension expires." Fed.R.Civ.P. 6(b)(1)(A). However, "on motion made after the time has expired," the court may only extend the time "if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

"Excusable neglect" applies to those "instances of mere 'inadvertence, mistake, or carelessness.'" *Symbionics Inc. v. Ortlieb*, 432 Fed.Appx. 216, 220 (4th Cir.2011) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship*, 507 U.S. 380, 391–92, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).[1] The Fourth Circuit has identified that excusable neglect is "not easily demonstrated" and applicable "only in the 'ex-

traordinary cases where injustice would otherwise result.'" *Id.* (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir.1996)). Relevant circumstances for determining excusable neglect are the danger of prejudice, length of delay and potential impact, the reason for the delay, whether the delay was within the reasonable control of the movant, and whether the movant acted in good faith. *Thompson*, 76 F.3d at 533 (quoting *Pioneer*, 507 U.S. at 395, 113 S.Ct. 1489). The most important of these factors is the reason for failure to timely file. *Thompson*, 76 F.3d at 534.

### B. Analysis

The Court grants Defendant's Motion to Strike and denies Plaintiff's Motion for Leave to File because Plaintiff failed to comply with the deadlines imposed by the Local Rules and failed to demonstrate excusable neglect warranting an extension of time to file. Any difficulties Plaintiffs counsel may have encountered with respect to one computer cannot excuse counsel's failure to act with diligence in terms of filing briefs or requesting extensions in a timely manner.

This Court's Local Rules instruct non-moving parties to respond to motions within fourteen days. E.D. Va. Loc. R. 7(F). The parties do not dispute that Plaintiff filed his Oppositions to Defendant's December 2012 Motions after the passage of fourteen days.

Where a party seeks an extension of time after the Rule 6(b) deadline for filing has passed, courts must find excusable neglect before granting the motion. *Bredell v. Kempthorne*, 290 Fed.Appx. 564, 565 (4th Cir.2008) (quoting Fed.R.Civ.P.

---

1. The issue in the Supreme Court's *Pioneer* decision was the application of the term within the context of Federal Rule of Bankruptcy

Procedure 9006(b)(1). This rule was patterned after Federal Rule of Civil Procedure 6(b).

6(b)); *Tucker v. Chrysler Credit Corp.*, 149 F.3d 1170, 1998 WL 276266, at *2–3 (4th Cir.1998) (unpublished). This standard is a very high bar, applicable to only the extraordinary cases where injustice would otherwise result. *Bredell*, 290 Fed.Appx. at 565 (quoting *Thompson*, 76 F.3d at 534). In finding excusable neglect, courts employ a multi-factor test, considering (1) "the danger of prejudice to the [nonmoving party]," (2) "the length of delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Id.* (quoting *Pioneer*, 507 U.S. at 395), 113 S.Ct. 1489. "The most important of [these] factors . . . is the reason for the failure to timely file." *Id.* (quoting *Thompson*, 76 F.3d at 534). A party's failure to act with diligence precludes a finding of excusable neglect. *Robinson v. Wix Filtration Co.*, 599 F.3d 403, 413 (4th Cir.2010).

■ Considering the *Pioneer* factors, and the Fourth Circuit's emphasis on the reason for failure to timely file, the Court finds that counsel's reason for untimely filing—technical problems with counsel's computer—fails to demonstrate excusable neglect. In reaching this conclusion, it is important to note that Plaintiff's counsel never stated or argued that he did not have access to the ECF system—for example, that he could not access the system from any computer due to password problems or otherwise. Indeed, on December 27, 2012, Plaintiff's counsel accessed the system to file objections to Defendant's witness list and exhibit list. Thus, Plaintiffs counsel would certainly have had knowledge of Defendant's filings at least as of that date, if not earlier. Furthermore, both the Court's ECF system and the Pacer database used to view Fourth Circuit opinions are available from anywhere and could have been accessed from computers at the office, at home, at a

library, or even on a cellular device with internet access. Plaintiffs counsel could simply have accessed a computer aside from his main office computer subject to the viruses. Additionally, Plaintiff's counsel could have contacted defense counsel to indicate any difficulties or request copies of documents. However, Plaintiff's counsel failed to take any of these measures.

In *Robinson*, the Fourth Circuit affirmed the district court's decision to deny leave to file late where counsel's e-mail difficulties failed to demonstrate excusable neglect for the failure to timely respond to a motion for summary judgment. 599 F.3d at 412–13. The court noted that counsel should have regularly accessed the online docket, informed the court and opposing counsel of his computer problems, and found alternative methods of being informed as to filings and deadlines due to the requirements of the local rules. *Id.* at 413. Ultimately, the court found that the calculated decision "to inform no one of computer malfunctions of which only he was aware," in addition to his failure to stay abreast of filings, "cannot be characterized as 'excusable neglect.'" *Id.* Similarly, at least one other court in this circuit held that technical problems associated with computers do not reach the level of excusable neglect. *See Grant v. Shapiro & Burson, LLP,* No. 11–1724, 2012 WL 1944835, at *2 (D.Md. May 29, 2012) (denying a motion to file an untimely amended complaint where counsel alleged computer problems led to the untimely filing yet failed to notify the court of these problems prior to the deadline). In much the same manner, Plaintiff's counsel here knew of computer problems unaware to either this Court or defense counsel, yet he failed to apprise anyone of his problems and how such problems may affect his ability to comply with filing deadlines. As noted above, an infection to the office's *main* computer—counsel never indicated this

was the only computer to which he had access—does not preclude the diligent attorney from using other computers to access the ECF system and upload the required opposition briefs.

Furthermore, in reversing a district court's finding of excusable error, the Fourth Circuit has recently emphasized the application of excusable neglect to only those cases deemed extraordinary—a term that does not describe the circumstance before the Court. In *Symbionics Inc. v. Ortlieb*, the Fourth Circuit held that dependence upon a computer application to determine a filing deadline did not demonstrate excusable neglect. 432 Fed.Appx. at 220. What the court considered to be counsel's "run-of-the-mill inattentiveness" was "neither extraneous to nor independent of counsel's negligence." *Id.* While nothing here indicates demonstrates Plaintiff's counsel's confusion as to the proper filing dates, the Court finds that his own inattentiveness to the computer problems and failure to act accordingly by notifying someone prior to the deadline falls beyond the realm of excusable neglect.

In light of these cases, Plaintiff's reason for filing, and the excusable neglect standard, this Court finds that Plaintiff's counsel fails to make the necessary showing for a post-deadline extension. Plaintiff's reason for filing does not demonstrate the extraordinary circumstance that provides the basis for an extension pursuant to Rule 6(b)(1)(B). Much like the tardy actors in *Grant* and *Robinson*, Plaintiff's counsel here could have provided notice to the Court *prior to* the filing deadline yet failed to do so. Furthermore, Plaintiffs counsel failed to make any reference to the untimeliness at the time of the late filing, not even so much as a footnote or contemporaneous motion seeking leave to file late. Plaintiffs counsel only addressed the untimeliness after Defendant challenged the Motion for Leave to File. The malfunction

of counsel's computer—rather than something beyond his control—is insufficient to demonstrate excusable neglect. *Cf. Salts v. Epps,* 676 F.3d 468, 474 (5th Cir.2012) (finding the district court did not abuse its discretion where the government filed late due to a malfunction in the electronic court filing system preventing timely filing); *Anthony v. Small Tube Mfg. Corp.,* 484 Fed.Appx. 704, 709–10 (3d Cir.2012) (affirming the district court's decision not to extend time where plaintiff never received electronic notice of defendant's filing because "the delay was solely attributable to [plaintiff's] counsel").

Considering the other *Pioneer* factors, Plaintiff's counsel fails to make a showing to overcome the significant impact of the third factor. Prejudice to the non-moving party is not insignificant, as the delay in Plaintiff's filing affected the briefing schedule for other motions in this case. However, any such prejudice could be, and eventually was, mitigated by a changing of the deadlines. The second factor, the length of delay, also minimally affected the judicial proceedings for much the same reasons. The fourth factor, whether Plaintiff's counsel acted in good faith, does not offer support to Plaintiff here. While the Fourth Circuit has acknowledged that this factor is seldom in issue, *Symbionics,* 432 Fed.Appx. at 219, the facts of this case provide some basis for considering this factor. Plaintiff failed to notify the Court, failed to notify defense counsel, failed to contemporaneously address the untimeliness in the motion, and only filed for leave *after* Defendant moved to strike the untimely filings. While these actions do not necessarily lead to a conclusion of bad faith, such actions and omissions do not counterbalance the detriment of the third *Pioneer* factor focusing on the reason for the filing delay.

## III. CONCLUSION

The Court concludes that Defendant must prevail on its motion because Plaintiffs late filings, and the circumstances allegedly causing the untimely filing, were solely within the control and knowledge of Plaintiff's Counsel. Only Plaintiff's counsel knew about the computer problems, and he failed to apprise either the Court or defense counsel of the problems, seek alternative methods for accessing the ECF system, or indicate any circumstance beyond his own control that led to the untimely filing here. Thus, non-compliance with Federal Rule of Civil Procedure 6(b) compels the Court's conclusion. For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiffs Opposition Brief (Doc. 88) is **GRANTED.** Accordingly, Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike Plaintiff's December 2012 Report (Doc. 87) and Memorandum in Opposition to Defendant's Motion to Exclude Plaintiff's Expert Bill Baker (Doc. 93) are hereby **STRICKEN;**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File (Doc. 91) is **DENIED.**

**IT IS SO ORDERED.**