**In re Fatin Y. THOMAS, Debtor.**

**Gene R. Kohut, trustee, Plaintiff,**

v.

**Fatin Y. Thomas, Defendant.**

**Bankruptcy No. 12–63424.
Adversary No. 13–4341.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Signed March 24, 2014.

is modified, there is a right to restitution of the excess.

Restatement (First) of Restitution § 74 (1937).

Morris B. Lefkowitz, Southfield, MI, for Debtor and Defendant.

Sandra L. O'Connor, Southfield, MI, for Plaintiff.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

THOMAS J. TUCKER, Bankruptcy Judge.

This adversary proceeding is before the Court on the Defendant's motion entitled "Motion for Relief of Order and to Set Aside Order Granting Motion for Summary Judgment," filed February 26, 2014 (Docket # 33, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the February 12, 2014 Order granting summary judgment for Plaintiff and denying Defendant's discharge (Docket # 27, the "February 12 Order").

The Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024–1(a)(3) (E.D. Mich).

The Court also finds that the allegations in the Motion do not establish excusable neglect under Fed.R.Civ.P. 60(b)(1), Fed.R.Bankr.P. 9024, or any other ground for relief from the February 12 Order under Fed.R.Civ.P. 60(b), or under Fed.R.Civ.P. 59(e), applicable under Fed.R.Bankr.P. 9023; or any other valid ground for relief from the February 12 Order.

In addition, the Court notes the following. The Motion, Defendant's brief in support of the Motion (Docket # 35), and the email copies attached to the Motion, indicate that Defendant is alleging that her attorney's Yahoo email account was "hacked" and not available to Defendant's counsel on the day the notice of the February 12, 2014 summary judgment hearing was issued. There are several problems with this argument.

First, the Court's records show that a notice of the electronic filing of the hearing notice (Docket # 26) was e-mailed on January 13, 2014 to Defendant's attorney, Morris Lefkowitz, to two different e-mail addresses, one of which was *not* a Yahoo e-mail address (lefkowitzlawgroup@gmail. com). (*See* the notice of hearing and electronic receipt from the Court's records, copies attached). It appears that this Gmail e-mail address for Defendant's attorney was functioning when the notice of hearing was issued. (For example, the e-mail that Defendant's attorney's office sent to the Court's CM/ECF help desk on January 13, 2014, regarding the problem with its Yahoo e-mail account, was sent using the e-mail address "trustee@lefkowitz lawgroup.com"). The Motion does not allege that the Court's January 13, 2014 notice was not received that day at Defendant attorney's other (Gmail) e-mail address.

Second, because Defendant's attorney knew, at least as early as January 13, 2014, that his Yahoo e-mail address was not functioning, that attorney should have monitored his cases and adversary proceedings in this Court for notices and orders, by looking at the dockets for those cases via PACER. This is especially so for this adversary proceeding, because Defendant's attorney knew well before January 13, 2014 that Plaintiff had filed a motion for summary judgment, to which Defendant had objected, so Defendant's attorney knew that in the normal course of events the Court was likely to issue a notice of hearing, which could come anytime, regarding Plaintiff's summary judgment motion. Had Defendant's attorney

or his staff checked the docket in PACER for this adversary proceeding at any time during the *one month* between the date the notice of hearing was issued (January 13, 2014) and the hearing date (February 12, 2014), defense counsel would have seen the hearing notice (which is at Docket # 26), and would have known of the February 12, 2014 hearing in that way. The Motion does not allege any valid reason or excuse why defense counsel did not monitor this case in that way.

Any neglect or mistake by Defendant's counsel is attributable to the Defendant, for purposes of determining whether such neglect or mistake was excusable. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable")(italics in original). In the *Pioneer Investment* case, the Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" ...

> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397, 113 S.Ct. 1489 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

Under the circumstances, this type of neglect and error by Defendant's counsel is not "excusable neglect." *See generally Symbionics, Inc. v. Ortlieb*, 432 Fed.Appx. 216, 220 (4th Cir.2011). In *Symbionics*, the U.S. Court of Appeals for the Fourth Circuit held that the attorney's neglect in that case—a miscalculation of the appeal deadline allegedly caused by "a quirk in the functionality of counsel's computer calendar"—was not excusable neglect. *Id.* at 218, 220 After noting that " ' "[e]xcusable neglect" is not easily demonstrated, nor was it intended to be,' " the Fourth Circuit found as follows:

> We find nothing extraordinary or unusual about counsel's calendaring error that should relieve Symbionics of its duty to comply with the time limit of Rule 4(a)(1). Counsel's total dependence on a computer application—the operation of which counsel did not completely comprehend—to determine the filing deadline for a notice of appeal is neither "extraneous" to nor "independent" of counsel's negligence. Rather, the failure to discover that the calendar display had reverted to January 2009, and the reliance on the resulting incorrect deadline computation, are the very essence of counsel's negligence here. Furthermore, **this neglect is precisely the sort of "run-of-the-mill inattentiveness by counsel" that we have consistently declined to excuse in the past.**

*Id.* at 220 (emphasis added) (citations omitted); *see also Allen v. Murph*, 194 F.3d 722, 724 (6th Cir.1999) (finding attorney neglect in that case inexcusable).

Third, as the audio of the February 12, 2014 hearing (Docket # 30) shows, the Court's ruling on Plaintiff's summary judgment motion was made for two independent reasons, as stated by the Court on the record during the hearing: (1) because of the failure of the Defendant or her

counsel to appear at the hearing; *and* (2) on the merits of the motion, *i.e.,* independently of the failure to appear. The Motion does not demonstrate that the result would have been any different had Defendant's attorney appeared and argued at the hearing. The defense(s) to Plaintiff's summary judgment motion, alleged in the Motion, like the same defense(s) argued in Defendant's written response to the Plaintiff's summary judgment motion (Docket ## 21, 22), are unsupported by any affidavit, deposition testimony, or other evidentiary support in the record. As a result, it is clear that the Court would have granted Plaintiff's summary judgment motion on February 12, 2014 even if Defendant's attorney had appeared and argued at the hearing.

Because Defendant's Motion has not demonstrated a meritorious defense to the Plaintiff's summary judgment motion, Defendant's Motion must be denied, and would have to be denied even if the Court found that the Motion established "excusable neglect" under Fed.R.Civ.P. 60(b)(1) (which the Motion does not.) *See, e.g., Waifersong, Ltd. Inc. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir.1992)(Relief under Civ. Rule 60(b)(1) requires the moving party to show, among other things, that the moving party has a "meritorious defense" to present if relief is granted.).

For all of these reasons,

IT IS ORDERED that the Motion (Docket # 33) is denied.