IN RE: Mark J. SCHULZE, Debtor.

Case No. 13-55466

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Signed 09/23/2016

Douglas S. Ellmann, Ellmann & Ellmann PC, Ann Arbor, Michigan, Chapter 7 Trustee and attorney for Chapter 7 Trustee.

Guy T. Conti, ContiLegal, Ann Arbor, Michigan, for Debtor.

## OPINION AND ORDER DENYING DEBTOR'S SECOND MOTION FOR RECONSIDERATION

Thomas J. Tucker, United States Bankruptcy Judge

This case is before the Court on the Debtor's motion entitled "Motion for Relief from Order Compelling Debtor to Turn Over Property to the Estate," filed August 29, 2016 (Docket # 39, the "Motion"), which the Court construes as another motion by the Debtor for reconsideration of, and for relief from, the October 21, 2015 Order Compelling Debtor to Turn Over Property (Docket # 24, the "October 21, 2015 Order").[1] The Chapter 7 Trustee filed an objection to the Motion, on September 6, 2016 (Docket # 40).

The Court concludes that a hearing on the Motion is not necessary, and the Motion will be denied for the following reasons.

First, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* Local Rule 9024-1(a)(3).

Second, the Court finds that the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the October 21, 2015 Order.

Third, the Court finds that the Motion was not made within a reasonable time after the entry of the October 21, 2015 Order, as required by Fed. R. Civ. P. 60(c)(1). This precludes any relief under Rule 60(b)(1) or Rule 60(b)(6).

Fourth, the Motion must be denied for the same reasons stated by the Court in its Order filed July 5, 2016 (Docket # 38), which denied Debtor's first motion seeking relief from the October 21, 2015 Order. Those reasons apply to the present Motion because the present Motion, like the first motion, ultimately is dependent on the Debtor's argument that it was legal error for this Court to enter the October 21, 2015 Order.

Fifth, to the extent the Motion seeks relief based on the "excusable neglect" provision in Fed. R. Civ. P. 60(b)(1), any alleged neglect by Debtor's counsel,[2]

1. This is the Debtor's second such motion. The first motion, filed May 25, 2016 (Docket # 31) was denied by the Court in its Order filed July 5, 2016 (Docket # 38), for the reasons stated in that Order.

2. The Motion also refers to alleged "excusable neglect" *by the Chapter 7 Trustee*, in bringing his turnover motion and obtaining the October 21, 2015 Order. (*E.g.*, Motion at ¶ 18). But this is not a valid argument for relief under Rule 60(b)(1)—the Motion cites no authority for the proposition that alleged "excusable neglect" *by the adverse party* can be a basis for relief under Rule 60(b)(1), and the Court is not aware of any such authority. In any event, this argument is really just another way of Debtor saying that the Trustee, in seeking and obtaining the October 21, 2015 Order, and the Court, in entering that order, committed legal error. That argument cannot justify relief from the October 21, 2015 Order, howev-

which at the time of the October 21, 2015 Order was Michelle Marrs and the firm of Marrs & Terry, PLLC,[3] is attributable to the Debtor, for purposes of determining whether such neglect or mistake was excusable. *See, e.g., Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396–97, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)(in determining whether "excusable neglect" is shown, "the proper focus is upon whether the neglect of [the movants] *and their counsel* was excusable")(italics in original). In the *Pioneer Investment* case, the Supreme Court reasoned:

> "Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' " ...
>
> This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel.

507 U.S. at 397, 113 S.Ct. 1489 (quoting, in part, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). *See also Hords v. Ocwen Loan Servicing, LLC*, 601 Fed.Appx. 440, 441 (6th Cir. 2015)(holding that "[t]o obtain relief [under Fed.R.Civ.P. 60(b)(1)] for [an attorney's] mistake, however, a litigant must show, among other things, that the error is excusable;" and that "a client is accountable for his attorney's 'acts and omissions.' ")(citing *Yeschick v. Mineta*, 675 F.3d 622, 628–29 (6th Cir. 2012).

Under the circumstances, the alleged neglect and error by Debtor's counsel is not *"excusable* neglect." Even Debtor's Motion admits this, when it says that "Debtor believes that the neglect is *inexcusable* and grossly negligent." (Motion, Docket # 39, at p. 2, ¶ 8)(emphasis added). *See generally Symbionics, Inc. v. Ortlieb*, 432 Fed.Appx. 216, 220 (4th Cir. 2011). In *Symbionics*, the U.S. Court of Appeals for the Fourth Circuit held that the attorney's neglect in that case—a miscalculation of the appeal deadline allegedly caused by "a quirk in the functionality of counsel's computer calendar"—was not excusable neglect. *Id.* at 218, 220. The court held that " ' "[e]xcusable neglect" is not easily demonstrated, nor was it intended to be.' " *Id.* at 220 (emphasis added) (citations omitted); *see also Allen v. Murph*, 194 F.3d 722, 724 (6th Cir. 1999)(finding attorney neglect in that case inexcusable).

Sixth, Debtor's Motion has not demonstrated a meritorious defense to the Trustee's turnover motion, or to the October 21, 2015 Order granting that motion. Because of this, Debtor's Motion must be denied, and would have to be denied even if the Court found that the Motion established "excusable neglect" under Fed. R.Civ.P. 60(b)(1)(which the Motion does not.) *See, e.g., Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)(Relief under Civ. Rule

---

er, for the reasons stated in the Court's July 5, 2016 Order (Docket # 38).

**3.** The Court notes that attorney Marrs and her firm filed a motion to withdraw as counsel for the Debtor on November 6, 2015 (Docket # 25). In that motion, Ms. Marrs alleged that there had been a "breakdown of the attorney/client relationship," and that "[c]ounsel has received no response from Debtor to numerous communications over the past year." The Debtor did not respond or object to the motion, and after counsel filed a certificate of no response on April 29, 2016, the motion to withdraw was granted the same day (*See* Docket ## 27, 28).

60(b)(1) requires the moving party to show, among other things, that the moving party has a "meritorious defense" to present if relief is granted.).

■ Seventh, to the extent the Motion seeks relief based on Civil Rule 60(b)(6), it is without merit. Under that rule, relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr., N.D. Ohio 2002)(*citing Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "This is because 'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Id.* (*citing Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

This case does not present such "exceptional or extraordinary circumstances." The circumstances here—an order entered by default due to Debtor-counsel's failure to timely file a response to a turnover motion—are addressed by Rule 60(b)(1), particularly the "excusable neglect" provision of Rule 60(b)(1), and Debtor has not made a showing of such "excusable neglect" under that rule.

■ In addition, cases have held that relief under Rule 60(b)(6) requires a showing not just of "extraordinary circumstances," but rather "extraordinary circumstances suggesting that [the party seeking relief] is faultless in the delay." *See Q Technology v. Allard (In re Trans-Industries, Inc.)*, 2009 WL 1259991 (E.D. Mich., May 1, 2009) at *6 (citing *Pioneer*, 507 U.S. at 392–93, 113 S.Ct. 1489). Not only are there no such "extraordinary cir-

cumstances" here, but also the Debtor is not "faultless in the delay." Even if Debtor's prior attorney would not talk to him about the Trustee's turnover motion, as Debtor alleges,[4] Debtor could have sought new counsel, and if necessary, could have timely moved for more time to respond to the Trustee's turnover motion to give Debtor more time to get a new attorney. Neither the Motion nor the Debtor's affidavit filed with the Motion explain why the Debtor did not do any of these things before the deadline for responding to the turnover motion passed.

For all of these reasons,

IT IS ORDERED that the Motion (Docket # 39) is denied.

---

4. It should be noted that Debtor's prior attorney disputes this. She alleged, in her November 6, 2015 motion to withdraw, which motion the Debtor did not respond to or oppose, that the Debtor failed to communicate with her—that Debtor failed to respond to her "numerous communications over the past year." *See* footnote 3 above.