**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1045

SILVIA G. MARTINEZ,

Plaintiff – Appellant,

v.

UNITED STATES OF AMERICA; UNITED STATES
POSTAL SERVICE,

Defendants – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Deborah  K.  Chasanow,  Chief  U.S.
District Judge.  (8:13-cv-00237-DKS)

Submitted:  June 2, 2014            Decided:  July 7, 2014

Before KING, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth  J.  Coughlan,  ANNE  HOKE  &  ASSOCIATES,  Baltimore,
Maryland,  for  Appellant.   Rod  J.  Rosenstein,  United  States
Attorney,  Jakarra  J.  Jones,  Assistant  United  States  Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silvia Martinez appeals the dismissal of her claim for untimely service of process pursuant to Federal Rule of Civil Procedure 4(m). Although Martinez acknowledges that she did not timely serve process, she argues that the district court erred by failing to grant an extension of time required by Rule 4(m). For the reasons that follow, we affirm.

I.

On January 23, 2013, Martinez filed a complaint against the United States pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671, et seq. Her claim arose from an automobile collision with a United States Postal Service vehicle. The district court issued summonses the next day. On May 28, 125 days after the filing of the complaint, the district court had received no proof that the complaint and summons had been served on the United States, and requested a status report from Martinez addressing the issue of service. Martinez did not respond.

On June 13, the court ordered Martinez to show cause why her complaint should not be dismissed for failure to serve process within the requisite time period. See Fed. R. Civ. P. 4(m). On June 25, Martinez filed a memorandum in support of a request for an extension of time. She stated that her attorney

2

had changed his primary email address but had failed to register the change in the court's electronic case filing system ("ECF") and therefore had not been informed that the summonses had issued. Martinez conceded that her attorney had been unaware of the problem at the time, but asserted that he had subsequently corrected the email address. The district court granted Martinez's motion, allowing her 30 additional days, until July 30, to serve the United States.

Martinez served the United States on August 15, twenty days after the expiration of the extension. On November 18, the United States moved to dismiss Martinez's complaint for failure to timely serve process. Fed. R. civ. P. 12(b)(5). Martinez filed a response claiming that she was entitled to a further extension because the ECF continued to send notifications only to her attorney's incorrect email address, despite his diligent attempts to correct this problem. The district court found that Martinez could show neither good cause nor excusable neglect for her failure to serve, and granted the government's motion. Martinez timely appealed.

## II.

We review the dismissal of a complaint for failure to timely serve process for abuse of discretion. Shao v. Link

3

<u>Cargo (Taiwan) Ltd.</u>, 986 F.2d 700, 708 (4th Cir. 1993) (applying Rule 4(m)'s predecessor, Rule 4(j)).

III.

Rule 4(m) requires a plaintiff to serve the defendant within 120 days. A plaintiff may escape dismissal for failure to timely serve process only if she demonstrates "good cause" for the delay. Fed R. Civ. P. 4(m). If a plaintiff requests an extension of time after the expiration of the 120 day limitation period, she must also show that she "failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

Martinez acknowledges that she did not serve process within the limitation period and that she did not request an extension until after the expiration of that period. Therefore, to prevail on appeal, Martinez must show both excusable neglect and good cause. Because Martinez cannot show excusable neglect, we need not reach the question of good cause.

Martinez argues that her failure to timely serve process constitutes excusable neglect because it was the result of an error within the ECF that was outside her control. We disagree.

"Excusable neglect is not easily demonstrated." <u>Thompson v. E.I. DuPont de Nemours & Co., Inc.</u>, 76 F.3d 530, 533 (4th Cir. 1996) (internal quotation marks omitted)(interpreting excusable neglect in the context of Federal Rule of Appellate

4

Procedure 4(a)(5)). We have held that "a party that fails to act with diligence will be unable to establish that [her] conduct constituted excusable neglect." Robinson v. Wix Filtration Corp., LLC, 599 F.3d 403, 413 (4th Cir. 2010)(interpreting excusable neglect as used in Federal Rule of Civil Procedure 60(b)(1)).[*]

Here, Martinez's attorney was clearly aware that the ECF was sending notifications to an improper email address before the extension was granted. Even if he believed he had fixed the problem, a reasonably diligent attorney would have monitored that email address or the court's docket until he was certain that the ECF was functioning properly. Martinez cannot establish that her conduct constituted excusable neglect. We therefore find no abuse of discretion in the district court's dismissal of her complaint.

---

[*] Excusable neglect generally has the same meaning throughout the federal procedural rules. See, e.g. Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 392 (interpretation of excusable neglect as used in Federal Rule of Bankruptcy Procedure 9006(b)(1) was "strongly supported" by the meaning of excusable neglect as used in Federal Rule of Civil Procedure 6(b)); Thompson, 76 F.3d at 534-35 (excusable neglect interpreted the same in Federal Rule of Bankruptcy Procedure 9006(b)(1) as in Federal Rule of Appellate Procedure 4(a)(5)).

IV.

For the foregoing reasons, we affirm the dismissal of Martinez's claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED